IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS EDWARD BYRD III,

                Plaintiff,

v.                                                     OPINION & ORDER

HILLSBORO POLICE DEPARTMENT, and           17-cv-191-jdp
OFFICER BRANDON ARNEZ,

                Defendants.

---

      Pro se plaintiff Lewis Edward Byrd III, an inmate at the Vernon County Jail, has filed a proposed complaint and amended complaint under 42 U.S.C. § 1983 alleging that defendant Brandon Arnez, an employee of defendant Hillsboro Police Department, used excessive force against him in violation of his Fourth Amendment rights. Dkt. 1 and Dkt. 5.[1] The court has granted Byrd leave to proceed *in forma pauperis*. Dkt. 8.

      The next step in this case is for me to screen Byrd's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the complaint with these principles in mind, I will allow Byrd to move forward with his claim against Arnez, but I will dismiss the Department from the case.

---

[1] Byrd's amended complaint, Dkt. 5, drops two defendants, Officer Todd Krueger and the Vernon County Sheriff Office, and adds defendant Hillsboro Police Department. I will use the amended complaint, Dkt. 5, as the operative complaint, and I have updated the case caption accordingly.

ALLEGATIONS OF FACT

I draw the following facts from Byrd's amended complaint. Dkt. 5.

Officer Brandon Arnez works for the Hillsboro Police Department in Hillsboro, Wisconsin. On August 13, 2016, Byrd was in his car in Hillsboro. Arnez fired 11 shots at Byrd. Eight bullets struck Byrd's car, causing damage, and one of them also struck Byrd in the elbow. As Byrd exited his car, Arnez fired three more shots. Arnez then handcuffed Byrd, breaking Byrd's arm in the process. Byrd alleges that he was not resisting arrest.[2] The injury to Byrd's arm will require surgery.

ANALYSIS

The Fourth Amendment protects citizens from unreasonable searches and seizures. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ."). "An officer's use of force is unreasonable from a constitutional point of view only if, 'judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest.'" *Goznzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009) (quoting *Lester v. City of Chicago*, 830 F.2d 706, 713 (7th Cir. 1987)).

Byrd's allegations state a claim against Arnez under the Fourth Amendment. Although the facts surrounding Arnez's actions are unclear, at this early stage, it is reasonable to infer

---

[2] Byrd makes this allegation in his original complaint, but not in his amended complaint. I will give him the benefit of the doubt at this point, because it would make little sense to require him to amend him complaint again to add this allegation.

that Arnez's alleged use of force—shooting at Byrd and Byrd's car 11 times and breaking his arm—was greater than necessary. Even if Arnez had probable cause to arrest Byrd, his alleged use of force was greater than reasonably necessary to make the arrest.

But Byrd does not state a claim against the Hillsboro Police Department. Byrd does not allege that Arnez acted in accordance with an unconstitutional policy or custom of the Department, which is a requirement for liability of a municipality or other governmental unit under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). So Byrd's claim against the Department will be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Lewis Edward Byrd III is GRANTED leave to proceed on a Fourth Amendment excessive force claim against defendant Officer Brandon Arnez.

2. Plaintiff is DENIED leave to proceed on any claims against defendant Hillsboro Police Department, and this defendant is DISMISSED from the lawsuit.

3. The United States Marshal will serve the summons and complaint on defendant. The clerk of court is directed to forward the complaint, summons, and marshal service forms to the United States Marshal.

4. Plaintiff must send defendant a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendant, he should serve the lawyer directly rather than defendant. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendant or to defendant's attorney.

5. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. If plaintiff moves while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendant or the court is unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered April 17, 2017.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge