IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS EDWARD BYRD III,

        Plaintiff,

 v.

OFFICER BRANDON ARNEZ,

        Defendant.

OPINION & ORDER

17-cv-191-jdp

---

  Pro se plaintiff Lewis Edward Byrd III, an inmate at the Vernon County Jail, filed a complaint alleging that defendant Brandon Arnez shot at him 11 times and broke his arm during an arrest. Dkt. 5. In an April 17, 2017 order, I granted Byrd leave to proceed on a Fourth Amendment excessive force claim against Arnez. Dkt. 9. Now, Byrd asks to have an attorney appointed to represent him and asks for leave to file a claim against the Vernon County Sheriff's Department concerning its role in his arrest. Dkt. 12. I must screen Byrd's proposed new claim under 28 U.S.C. § 1915A, just as I screened the claim in his original complaint. I will deny him leave to proceed on the new claim for failure to comply with Federal Rule of Civil Procedure 8, but I will allow him the opportunity to supplement his complaint. I will deny Byrd's request for counsel as premature.

**A. Amended complaint**

  Byrd alleges that staff members of the Vernon County Sheriff's Department told Arnez, the arresting officer whom Byrd alleges used excessive force against him, that Byrd possessed a stolen vehicle and was known for "being combative and resisting" arrest. Dkt. 12, at 1. He alleges that this information was false; he owned his cars and did not have a history of resisting arrest. (He acknowledges that he did have an outstanding warrant for absconding from parole.)

He alleges that the staff "mixed [him] up with someone else" and passed the false information on to Arnez, resulting in Arnez using excessive force against Byrd. *Id.*

I take Byrd to attempt to bring a *Monell* claim against Vernon County. But Byrd does not allege that the staff members disseminated incorrect information about him because of the county's policy or custom, so he does not state a claim against the county. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Byrd's allegations seem to indicate that certain employees of the Sheriff's Department are to blame for the dissemination of incorrect information, but he does not name the employees as defendants or explain exactly what they did. "When the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the petitioner with an opportunity to amend the complaint." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). The court cannot do that on its own. *Myles v. United States*, 416 F.3d 551, 552-53 (7th Cir. 2005) ("[It is] unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge."). If Byrd wants to sue individual employees of the Vernon County Sheriff's Department, he must supplement his complaint to identify those individuals and the specific actions taken by each individual. I will give him a short time to submit a supplemental complaint naming individual employees as defendants and explaining what each defendant did to violate his rights.

B. Recruitment of counsel

Byrd asks me to "consider appointing [him] an attorney." Dkt. 12, at 1. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in

recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who decline to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Byrd has provided no evidence that he has attempted to recruit legal representation on his own. This is reason enough to deny his motion. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Even if this requirement were met, the second requirement for assistance in recruiting counsel requires Byrd to demonstrate that the legal and factual difficulty of each case exceeds his ability to prosecute it. It is too early to tell whether Byrd's claims will outstrip his litigation abilities. For example, it's not yet clear whether I will grant Byrd leave to proceed on additional claims. And the case may not pass the relatively early stage in which defendants may file a motion for summary judgment based on a preliminary issue that could result in dismissal of the case before it advances deep into the discovery stage of the litigation. Should the case pass the early stage of litigation, and should Byrd continue to believe that he is unable to litigate the suit himself, then he may renew his motion. If he does so, he should provide the names and addresses of the attorneys who declined to represent him in this case. If possible, he should include the rejection letters from those attorneys. And he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Lewis Edward Byrd III's motion for leave to file a claim against the Vernon County Sheriff's Department, Dkt. 12, is DENIED without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until June 15, 2017, to file a supplemental complaint identifying the individual(s) whom he intends to sue as named defendant(s) in his proposed claim and explaining what each defendant did to violate his rights.

3. Plaintiff's motion for recruitment of counsel, Dkt. 12, is DENIED without prejudice.

Entered May 25, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge