IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS EDWARD BYRD III,

                       Plaintiff,

   v.                                                      OPINION & ORDER

OFFICER BRANDON ARNEZ,                      17-cv-191-jdp

                       Defendant.

---

      Pro se plaintiff Lewis Edward Byrd III filed a complaint alleging that defendant Brandon Arnez shot at him 11 times and broke his arm during an arrest. Dkt. 5. In an April 17, 2017 order, I granted Byrd leave to proceed on a Fourth Amendment excessive force claim against Arnez. Dkt. 9. In a May 25 order, I deferred a decision on whether to allow Byrd to proceed on claims concerning the dissemination of incorrect information leading to Arnez's use of excessive force. Dkt. 14. I instructed Byrd to supplement his complaint to identify individual defendants and explain the specific actions taken by each individual. I gave him a deadline of June 15 to file his supplement. I indicated that if he failed to respond, I would dismiss this claim. This deadline has passed, and Byrd has not supplemented his complaint—but he has renewed his motion for assistance in recruiting counsel. Dkt. 15. I will dismiss Byrd's claims concerning the dissemination of incorrect information.

      As for Byrd's renewed request for assistance in recruiting counsel, I denied Byrd's previous request because he provided no evidence that he attempted to obtain representation on his own, and I was not yet convinced that the difficulty of the case would exceed his ability to litigate his claims himself. *See* Dkt. 14. Before assisting in recruiting counsel, this court generally requires that a pro se plaintiff satisfy two requirements: (1) provide the names and

addresses of at least three attorneys who declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007). Byrd now identifies an attorney, a civil rights organization, and two legal aid organizations whom he has contacted about representation, so he has satisfied the first requirement. But he has not shown that he lacks the ability to litigate his claim. He did not need counsel to explain the factual basis for his claims concerning the dissemination of incorrect information. Byrd says that he has "limited resources and knowledge of the law." Dkt. 15. I do not take Byrd's situation lightly. It is possible that this case will prove to exceed his ability to litigate it, and if that happens I will attempt to recruit counsel. But that is not yet the case. It is still early in the litigation, and Byrd has done a reasonably good job of presenting his claim thus far. Should the case pass the early stage of litigation, and should Byrd continue to believe that he is unable to litigate the suit himself, then he may renew his motion and explain what tasks, specifically, he is unable to perform without counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Lewis Edward Byrd III's claim concerning the dissemination of incorrect information leading to the use of excessive force is DISMISSED.

2. Plaintiff's motion for recruitment of counsel, Dkt. 15, is DENIED without prejudice.

Entered July 18, 2017.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge