UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lewis Edward Byrd, III,<br><br>　　　Plaintiff,<br><br>v.<br><br>Brandon Arenz,<br><br>　　　Defendant. | Civil Action No: 17-CV-191-JDP<br><br><br>**DEFENDANT'S PROPOSED FINDINGS OF FACT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

The above-entitled action came on for a hearing before the Honorable James D. Peterson, District Judge, on Defendant Brandon Arenz's motion for summary judgment. Appearances are as noted in the minutes of the hearing.

Based on the arguments at the hearing, the briefs, affidavits and exhibits, and all of the files and records herein, the Court now makes the following:

**PROPOSED FINDINGS OF FACT**

1.　On August 13, 2016, Mr. Byrd was driving in Wisconsin after absconding from his intensive supervised release from Minnesota related to a 2011 conviction for First Degree Criminal Sexual Conduct. (*See* Aff. Prochnow, Ex. 4, at 7 (sentencing hr'g tr.), Ex. 5 (Minn. Dist. Ct. 27-CR-08-4117 (register of actions), Ex. 6 (Minn. Dep't Corrections Offender Locator).)

2.　When Juneau County, Wisconsin law enforcement came into contact with Mr. Byrd, he commenced a high-speed chase. (Aff. Prochnow, Ex. 1, at 3 (criminal compl.).)

3. At 7:03 p.m., Vernon County Deputy Sherriff William Zirk was dispatched to assist while Mr. Byrd was proceeding from Elroy, Wisconsin to Union Center, Wisconsin on Highway 80. (*Id.*)

4. At that time, Officer Todd Kruger of the Elroy Police Department, was pursuing Mr. Byrd in a squad car with its emergency lights activated. (*Id.* at 3, 4.)

5. Mr. Byrd pulled over to the southbound lane at approximately 2.5 miles per hour. (*Id.*)

6. Deputy Zirk pulled forward towards the southbound shoulder, attempting to force Mr. Byrd further off the shoulder, but Mr. Byrd swerved as if to ram the deputy's vehicle and then sped away towards Union Center. (*Id.*)

7. Mr. Byrd then led the high-speed chase through the Village of Union Center at speeds in excess of 80 to 90 miles per hour. (*Id.*)

8. Mr. Byrd made a right-hand turn at the intersection of Highway 80 and Highway 33, and proceeding down Highway 33 towards Hillsboro in the wrong lane of travel. (*Id.*)

9. An elderly couple that was traveling on Highway 33 towards the Highway 80 intersection was forced to swerve into the left lane to avoid a head-on collision with Mr. Byrd. (*Id.*)

10. Deputy Zirk swerved to avoid the elderly couple's vehicle, but was unable to completely avoid it and sideswiped their vehicle. (*Id.*)

11. Deputy Zirk abandoned the chase to see to the vehicle that he struck. (*Id.*)

12. Officer Kruger continued the pursuit down Highway 33 towards Hillsboro. (*Id.* at 3.)

13. That evening, there was a tractor pull taking place at the Hillsboro Firemen's Memorial Park. (*Id.*, at 2; Aff. Prochnow, Ex. 3 (map).)

14. Defendant Officer Brandon Arenz was assisting Vernon County with crowd control at the tractor pull when the dispatcher advised him of Mr. Byrd's progress. (Aff. Prochnow, Ex. 1, at 2.)

15. Officer Arenz retrieved a squad car and proceeded to the south side of Highway 33, across from the entrance to Hillsboro Equipment, Inc.—less than three miles from Hillsboro proper. (*Id.* at 2–3; Aff. Prochnow, Ex. 3.)

16. Officer Arenz exited his squad car to set spike strips on the road, when he observed Mr. Byrd's vehicle approaching on the westbound lane of travel. (Aff. Prochnow, Ex. 1, at 3.)

17. A civilian vehicle pulled out into Highway 33 from the turn off to Hillsboro Equipment and Mr. Byrd stopped his vehicle. (*Id.*)

18. Mr. Byrd put his vehicle into reverse and backed into the squad car driven by Officer Kruger, who was still in pursuit, and inflicted severe damage to the squad car. (*Id.*; *see also* Aff. Kruger, Ex. 1.)

19. The collision injured Officer Kruger, who was later transported by ambulance to a nearby hospital. (Aff. Prochnow, Ex. 1, at 3.)

20. Mr. Byrd then steered his vehicle around the civilian vehicle, into the oncoming traffic lane, whereupon Officer Arenz stepped into the middle of the lane, drew his service weapon, and ordered Mr. Byrd to stop. (*Id.*)

21. Mr. Byrd accelerated his vehicle *at* Officer Arenz, who fired several shots at the Mr. Byrd's oncoming vehicle. (*Id.*)

22. Officer Arenz dodged Mr. Byrd's vehicle, and fired several shots as Mr. Byrd fled, attempting to stop the immediate threat. (*Id.*)

23. As he approached the intersection of Highway 33 and County Road WW, Mr. Byrd stopped his vehicle and continued to flee on foot over an embankment. (*Id.*)

24. Officer Arenz pursued on foot, and when he crested the embankment, drew his service revolver and directed Mr. Byrd to stop. (*Id.*)

25. Mr. Byrd complied with the instruction, raising his hands and getting on his knees. (*Id.*)

26. Officer Arenz handcuffed Mr. Byrd and then escorted him back up the hill and turned him over to a Juneau County deputy. (*Id.*)

27. Mr. Byrd was then transported by ambulance to St. Joseph's Hospital in Hillsboro. (Aff. Prochnow, Ex. 7, at 1 (St. Joseph records).)

28. An x-ray disclosed a radial head fracture on Mr. Byrd's right elbow. (*Id.* at 4.)

29. This type of injury commonly occurs as a result of a fall with an outstretched arm. (Aff. Prochnow, Ex. 8, at 4 (St. Joseph discharge summary);

*accord* Nick Pappas, M.D. & Joseph Bernstein, M.D., *Fractures in Brief: Radial Head Fractures*, 468 CLINICAL ORTHOPAEDICS & RELATED RESEARCH 914, 914 (2010) (Aff. Prochnow, Ex. 9).)

30.     On April 5, 2017, Mr. Byrd pled guilty to two felony charges of attempting to flee or elude a traffic officer and one felony charge of reckless driving causing injury stemming from this chase. (Aff. Prochnow, Ex. 2, at 6–7 (plea hr'g tr.).)

31.     At the plea hearing, Mr. Byrd admitted to the accuracy of the facts as recited in the criminal complaint. (*Id.* at 14.)

32.     Mr. Byrd was assisted by counsel at the hearing and had sufficient time to fully discuss the ramifications of his plea with his attorney. (*Id.*, at 13.)

33.     The Circuit Court of Vernon County, Wisconsin held that Mr. Byrd provided a sufficient factual basis for the plea, and that Mr. Byrd had made his plea knowingly, intelligently, and voluntarily. (*Id.*, at 15.)

34.     Accordingly, the Circuit Court convicted him of the three charges. (*Id.*)

Dated: 11/1/17

Lind, Jensen, Sullivan & Peterson
A Professional Association

s/Jason R. Prochnow
Jason R. Prochnow #1034213
Attorneys for Defendant
1300 AT&T Tower
901 Marquette Avenue South
Minneapolis, Minnesota 55402
(612) 333-3637
jason.prochnow@lindjensen.com