Lewis E. Byrd III

Plaintiff,

v.

Brandon Arenz,

Defendent.

Case No. 17-CV-191-JDP.

Now comes the plaintiff Lewis E. Byrd, III. The above referenced case, respondent to a motion for summary Judgment by Defendent Brandon Arnez. respondent in the above referenced case, who moves this court for an order for the taking of discovery, Motions for summary Judgment in civil cases governed by USCS R56, R56 requires respondents to a motion for summary Judgment to respond to each fact alleged in said motion disputing or affirming each. respondent(s) may also submit its own proposed finding of facts. USCS R56 (D) States: when facts are unavailable to the non-movant, if a non-movant shows by affadavit or declaration that, for specified reasons, it cannot present facts essential to justify its position, the court may:

1) Defer considering the motion or deny it

2) Allow time to obtain Affadavits or declarations or to the discovery; or

3) issue any other appropriate order

The movant for the motion for summary Judgment has in his motion Brief alleged certian facts, which Mr. Byrd is unable to properly consider, reply to without discovery. There are certian facts to which Byrd assents and certain facts which Byrd disputes from the record. However, Defendent Arnez has raised, as part of his argument (see Defendents Brief p.7 sec1) "From the perspective of a reasonable officer.", what makes a Law Enforcement officer reasonable in conduct is, in significant part, His/Her traing and relevant Lawenforcement Department standards, Policies and best practices, futher, A Lawenforcement officer is more or less likely to have been reasonable in behaviour based on past Law enforcement experiences, ie His/Her service records retaining to like or relevant incidents

together with any findings or evaluations for an incident instant or previous incident(s), like or relevant.

Arnez has alleged facts pertaining to mr. Byrds actions, interalia, 1) Ramming a law enforcement vehicle behind Byrd. Reasoning from Byrd's alleged reversing of His vechicle to ram the Law enforcement vehicle to Byrds rear. then driving his (Byrd's) vehicle at a Law Enforcement officer to Portray Byrd as reckless and threatening. Byrd requires any and all, dash cam and body cam video of the incident, any and all dispatcher, radio and cell phone logs, records and recordings for the time spain of the event and copies of any and all eye witness statements, despositions or law enforcement note book or other written entries concerning the event including but not limited to eye witness accounts. 2) Byrd's rate of travel as 80-90 mph and or high speed, relying on Byrd's alleged speed to argue from Plumhoff v. Rickard 134 S. Ct. 2012, 2020 (2014), and marion v. City of Corydon, Indiana, 559 F.3d 700, 705 (7th Cir. 2009) Defendant Arnez again relies on mr. Byrd's alleged rate of speed is reasoning from Scott v. Harris 550 U.S. 372, 386, 127 S. Ct 1769, 1779 2009) Byrd requires, in addition to the discovery in item 1 above, all radar records made of Byrds vehicle at the time of the shooting.

Discovery request in detail;

1) All internal documents including, but not limited to: training manuals, policy and practices materials, whether in physical or electronic form. containing the phrases or pertaining to the subject of: a) High speed chase or pursuit, exceeding posted speed limits (with reference to pursuing or following a subspect in a motor vehicle, criteria for intiatiating and or terminating a high speed chase or pursuit, deployment of tire spikes or any other form of subspect vehicle interdiction; B) use of deadly force firing or discharge of a service weapon; C) multi-Jurisdictional communication and/or cooperation in locating and/or apprehending suspects in a motor vehicle whether High speed is involved or not; and D) use of Dash or Bodycam video equipment both manually and automaticlly.

2) Any and all Dash cam or body cam video of any members of law enforcement or their vehcile or any vehicle present or in any way involved in the underline matter.

3) Any and all sound files or notes pertaining to or transcriptions of any and all electronic means of communication (radio, cell phone) in any way involved in the underlining matter, including dispatcher logs, records, transcriptions or recordings.

4) Service records of all responding law enforcement officers to be examined for a) use of deadly force, discharge of service weapon and/or b) highspeed pursuit or chase or apprehension of suspect(s) in a motor vechicle. Determing whether any such incidents resulted in any warning, oral or written or any Disciplinary action or procedural disposition including terms and cause for end of employment.

5) All reports, transcripts, note, radar of speed of the 2007 Buick that Saquant Butcher mr. Byrd girlfriend who was driving the "RED" vechicle that was appended for a high speed chase in Junaeu county and All arrest reports for all officers involved,



these items of discovery facts are material ipso facto Defendant Arnez's assertion of a reasonable officer standard. See Defendants summary Judgment page 7 section 1 paragraph 1 Line 8. also see page 10 paragraph 1 Line 4.

That these items of discovery facts are material and necessary follows from the law "To survive summary Judgment the non-movant must merely show that reasonable minds could differ as to the import of the evidence" RB ventures Ltd v. Shane 112F 3d 54, 59 (2 circuit court of appeals, 1997) to dispute or assent to the facts, the facts (evidence) must be known, ie present on the record. Discovery is required to bring in these nesessary facts.

That courts should err on the side of due and full deliberation, in considering a motion for summary Judgment is seen in Anderson v. Liberty Lobby (477 US @ 255, 106 Sct @ 2513) "neither do we suggest that the trial courts should act other than with caution in granting summary Judgment."

order for Discovery to be served on

1) Brandon Arnez (for motion of summary Judgment)

2.) Todd Kruger (as party in fact to above referenced case)

3) william zirk (as part in fact)

4.) Grover wooten (as party in fact)

5.) Ryan williams (as party in fact)

6) Lawerence Howell (as party in fact)

Qualified Immunity

Byrd does dispute Arnez's reasoning from PlumHoff v. Rickard 134 S. ct. at 2021 viz Qualified Immunity as to high speed pursuit or use of deadly force ". To terminate a high-speed car chase that threatens the lives of innocent by-standards "(Scott v. Harris 550 US 372 at 381, 127 S ct 1769, 167 Led 2d 688) Byrd Disputes the fact(s) upon which Defendant Arnez's application of scott, supra depends.

The alleged fact(s) of Byrd's rate of speed and reckless driving, interalia ramming a law enforcement vehicle a few feet behind him from the front are disputed. In plumHoff, supra, which Arnez cites in arguing for qualified immunity, the supreme court held in "Saucier" that "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; ("saucier v. Katz, 553 US 194, 200; 121 Sct 2151, 150 Led 2d 272 (2001)) Byrd Disputes the alleged facts of reckless and high speed Driving as argued and requires the discovery requested to properly Consider and reply ie, Dispute, to their use. Byrd notes that in Scott, persupra, there was a videotape of the chase. Byrd seeks, from all participating law enforcement Jurisdictions, production of any and all Dash cam and body cam video for the interval of time covering first notice and report of Byrd's vehicles as of interest' to the conclusion of the incident. To properly consider Byrd further requests any and all eye witness statements, and or dispositions taken in this matter including, but not limited to, MR. George schumer, the occupant of the car present at or near the Hillsboro Equipment Company Entrance at the time of the shooting.

Conclusion

mr Byrd, for the reasons presented above, here by respectfully moves this court to issue an order for the taking of discovery in the above referenced case as enumerated, begging leave to expand discovery based on the facts of discovery tendered mr Byrd or in the alternative dismissing the motion for summary judgment setting the matter for trial.

Respectfully submitted this 4th day of December, 2017

Lewis E. Byrd III

Lewis E. Byrd, III, pro se
oshkosh correctional Institution
P.O. Box 3310
oshkosh, WI 54903-3310