UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lewis Edward Byrd, III, | Civil Action No: 17-CV-191-JDP |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Brandon Arenz, | |
| Defendant. | |

Plaintiff has failed to present evidence that creates an issue of material fact for trial. Rather, Plaintiff makes a number of unsubstantiated assertions and supports them by attaching excerpts of police files that substantiate Defendant's statement of facts. More generally, Plaintiff's unsupported assertions would vitiate the factual basis for his guilty plea, and therefore Plaintiff under applicable law, this Court should grant Defendant summary judgment because Plaintiff has not prevailed in a challenge to his conviction.

## ARGUMENT AND ANALYSIS

**I.  BYRD CANNOT CHALLENGE THE FACTUAL BASIS FOR HIS GUILTY PLEAS, WHICH SUPPORT THE USE OF DEADLY FORCE IN APPREHENDING HIM.**

Mr. Byrd is attempting to negate the factual basis for his two guilty pleas, which he cannot do without first proving that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal

court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994); *accord Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) (noting that plaintiff could not negate factual basis guilty plea per *Heck* in a Section 1983 case alleging excessive use of force). Although Mr. Byrd asserts (without evidence) that he is appealing his conviction, he does not claim that his conviction has been overturned. Given his present incarceration in Wisconsin, his conviction appears to remain in effect. Doc. 36, ¶ 1 (Aff. Byrd).

Mr. Byrd minimizes the admissions he made in order to plead guilty to two felony convictions by stating that he merely admitted to "disregarding the visual or audible signals of a marked police car." Doc. 37, at 1 (citing Doc. 26-2, at 7:5–8). However, Mr. Byrd also admitted that "after receiving that signal [he] did knowingly flee or attempt to elude the officer." Doc. 26-2, at 7:1–4. Mr. Byrd omits that he admitted to doing so in a manner that "knowingly endangered the officer." *Id.*, at 7:9–12. He further admitted, as the basis for the two felony convictions, that "there was one act of fleeing and then there was a second act of fleeing shortly thereafter," *id.* at 7:13–18, which the prosecutor had explained to the state court occurred when "[a]t one point Mr. Byrd slowed down and came to a stop and then took off again," *id.* at 6:14–23. Moreover, Mr. Byrd admitted, with respect to his reckless driving claim that he "cause[d] bodily harm to another person" through his "operation of the vehicle in a reckless manner." *Id.* at 7:9–8:9. Finally, before accepting his guilty plea, the state court also specifically asked Mr. Byrd whether he admitted to the accuracy of the facts recited in the criminal complaint, and

2

Mr. Byrd admitted that the criminal complaint was accurate. Doc 26-2. at 14:14–22 and 15:1-12.

The factual admissions Mr. Byrd made amount to an admission that he was engaged in a dangerous, high-speed chase. The Fourth Amendment authorized Officer Arenz to use deadly force to end the chase. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2021 (2014); *Scott v. Harris*, 550 U.S. 372, 386, 127 S. Ct. 1769, 1779 (2007)); *Marion v. City of Corydon, Indiana*, 559 F.3d 700, 705 (7th Cir. 2009). Mr. Byrd does not dispute that the cited authorities permit the use of force under the factual circumstances outlined in the criminal complaint—to which he admitted. Instead, he makes narrative assertions for which he offers no evidentiary support. This is insufficient to avoid summary judgment, particularly in light of *Heck* and *Tolliver*. Accordingly, for the reasons outlined in Defendant's opening brief, Defendant is entitled to summary judgment.

## II. WHETHER AN OFFICER IS ENTITLED TO QUALIFIED IMMUNITY IS VIEWED FROM THE TIME OF THE EVENT.

In responding to Defendant's alternative request for a holding that Officer Arenz is entitled to qualified immunity, Mr. Byrd's only response (other further unsupported narrative in contradiction of his guilty pleas) is to allege without evidentiary support that Officer Arenz is no longer a peace officer.

Even if this were true, Officer Arenz's current employment is irrelevant to whether he is entitled to qualified immunity for acts he undertook while he was employed as a peace officer. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct.

2074, 2083 (2011) (holding that the former attorney general of the United States was entitled to qualified immunity with respect to actions undertaken while he was still attorney general that did not violate clearly established law at the time of the conduct). The focus on qualified immunity status is on the defendant's status and conduct *at the time*, not at a later time. Plaintiff does not contradict either Officer Arenz's status or the state of the law at the time of his arrest. Accordingly, Officer Arenz is entitled to summary judgment on the basis of qualified immunity.

## CONCLUSION

The Fourth Amendment permitted Officer Arenz to use of deadly force to put a stop to a dangerous high-speed chase Plaintiff admitted in his felony guilty pleas. Even if it did not, Officer Arenz is entitled to qualified immunity because he was a peace officer at the time of Plaintiff's arrest. (And the existing precedent authorized the use of deadly force.) Accordingly, the Court should grant the motion for summary judgment.

Dated:  December 13, 2017      Lind, Jensen, Sullivan & Peterson
                               A Professional Association


                               /s/ Jason R. Prochnow
                               Jason R. Prochnow #1034213
                               Attorneys for Defendant
                               1300 AT&T Tower
                               901 Marquette Avenue South
                               Minneapolis, Minnesota  55402
                               (612) 333-3637
                               jason.prochnow@lindjensen.com