UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lewis Edward Byrd, III,<br><br>    Plaintiff,<br><br>v.<br><br>Brandon Arenz,<br><br>    Defendant. | Civil Action No: 17-CV-191-JDP<br><br>**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND BRIEFING DEADLINE** |

The Court should deny Plaintiff's motion to extend the deadline for briefing his opposition to Defendant's Motion for Summary Judgment. Plaintiff has not made the requisite showing that he is entitled to an extension of the briefing deadline or to a deferral of the motion for summary judgment under Fed. R. Civ. P. 56(d). Instead, Plaintiff has not obtained discovery responses because he did not propound discovery.

## ARGUMENT AND ANALYSIS

Plaintiff argues generally that two grounds warrant the grant of an extension for him to respond to the motion for summary judgment: (1) Defendant brought the motion before the deadline for filing it, and (2) Plaintiff has not obtained discovery he claims he needs.

With respect to the first issue, the fact that the Court established a deadline for filing a dispositive motion does not prevent Defendant from moving for summary judgment before the deadline. "Unless a different time is set by local rule of the

court orders otherwise, *a party may file a motion for summary at any time* until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). The Court set a different deadline for filing dispositive motions by order. Doc. 18, at 5. However, the Court did not modify Rule 56(b)'s leave to file a dispositive "at any time" until the deadline. This means that Defendant is entitled to move for summary judgment even before discovery takes place. *Accord S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 274 F.3d 1138, 1171 (7th Cir. 2001) ("District courts may mitigate the expense of litigation by resolving motions for summary judgment early in the case—in advance of discovery, if appropriate, for summary judgment may be sought at any time."). Simply put, the fact that Defendant filed a motion for summary judgment before the deadline for doing so does not warrant extending his deadline for responding in a timely manner to the motion.

With respect to the second argument advanced by Plaintiff, the reason that Plaintiff has not received discovery from Defendant at this time is that Plaintiff has not served any discovery requests on Defendant, through Defendant's counsel or otherwise either before or after this Court issued its Preliminary Pretrial Conference Order on June 26, 2017.[1] Aff. Prochnow, ¶¶ 2–3. Thus, the failure to obtain the information he wants falls on Plaintiff, not Defendant.

---

[1] Defendant was not required to serve initial disclosures upon Plaintiff because "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosure procedures. Fed. R. Civ. P. 26(B)(iv). Plaintiff is not represented by counsel. Doc. 34, ¶ 5. Plaintiff is in the custody of the State of Wisconsin. Doc. 36, ¶ 1. Accordingly, this proceeding is exempt from initial disclosures.

Plaintiff was warned. The Court specifically directed Plaintiff to the rules of discovery and admonished him to be proactive about following them, stating:

> Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure explain how you may get information and documents from the defendants and how the defendants may get information and documents from you. You should read Rules 26 through 37 and 45 **now** so that you can understand how this works, and so that you can begin taking discovery in this case.
>
> The court expects both sides to follow Rules 26 through 37 and 45. You have no right to get information or documents to use in this case except in the way these rules say.

Doc. 18, at 7.

Furthermore, the Court specifically warned Plaintiff that "[i]f the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial." Doc. 18, at 9.

With respect to the deadline for responding to a motion for summary judgment, the Court specifically warned Plaintiff:

> **BE AWARE: you are not going to get an extension of this 30 day deadline.** The only way to get more time would be if you convince the court that something totally unfair happened that actually prevented you from meeting your deadline, and this was completely somebody else's fault. Some things that may seem unfair to you are **not** reasons to get more time. For example, . . . *[y]ou will not get more time if you waited too long to get all the information you think you need to respond to the motion.*

Doc. 18, at 6 (third emphasis added).

Pro se litigants must follow the rules of civil procedure, just as any other litigant must. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Neither the Court nor opposing counsel are required to act as Plaintiff's attorney or paralegal, or advise him on how to prosecute his case. *See Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004); *Turner v. Hamblin*, 590 Fed. Appx. 616, 621 (7th Cir. 2014). The reason Plaintiff lacks the evidence he believes he needs to oppose the motion for summary judgment is that he failed to proactively seek and obtain this evidence through discovery. That is not a ground for granting the motion, as the Court made perfectly clear to Plaintiff.

## CONCLUSION

Plaintiff did not serve discovery requests. His failure to do so falls on him. The Court should deny Plaintiff's request to delay summary judgment.

Dated:  December 13, 2017  Lind, Jensen, Sullivan & Peterson
A Professional Association


/s/ Jason R. Prochnow
Jason R. Prochnow #1034213
Attorneys for Defendant
1300 AT&T Tower
901 Marquette Avenue South
Minneapolis, Minnesota  55402
(612) 333-3637
jason.prochnow@lindjensen.com

4