IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS EDWARD BYRD III,

                Plaintiff,

  v.

BRANDON ARENZ,

                Defendant.[1]

ORDER

17-cv-191-jdp

---

      Pro se plaintiff Lewis Edward Byrd III is proceeding on a Fourth Amendment excessive force claim against defendant Brandon Arenz. He alleges that Arenz shot at him 11 times and broke his arm during an arrest. Arenz moves for summary judgment. Dkt. 23. Byrd opposes. Dkt. 37 and Dkt. 38. He also moves the court under Federal Rule of Civil Procedure 56(d) to allow him additional time to conduct discovery before responding to Arenz's motion. Dkt. 34.

      Byrd's summary judgment filings do not comply with the court's pretrial conference order, which include this court's procedures to be followed on motions for summary judgment. Dkt. 18. Most importantly, Byrd has not responded to Arenz's proposed findings of fact. Because Byrd is a pro se litigant, I will give him an opportunity to file a response to Arenz's summary judgment motion, including a response to Arenz's proposed findings of fact, Byrd's own proposed findings of fact, and evidence or exhibits to support his claims. I will include with this order an additional copy of this court's procedures to be followed on motions for summary judgment, which details the requirements that Byrd must follow. Byrd should take particular care to respond to Arenz's proposed findings of fact. Any proposed fact not disputed

---

[1] The caption has been updated to reflect the correct spelling of defendant's name.

in whole or in part will be deemed undisputed. Byrd should review the example response to proposed findings of fact included in the summary judgment procedures as a guide in drafting his own responses.

I will set a deadline for Byrd's response that allows him sufficient time to engage in discovery. It appears that Arenz had not provided any discovery to Byrd by the time Byrd filed his motion because Byrd did not request any discovery from him—rather, Byrd submitted his discovery requests in his motion for an extension. That is not the proper way to obtain discovery. Byrd should review the court's procedures concerning discovery in the preliminary pretrial conference order and Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure, which explain how to conduct discovery. Byrd should send discovery requests directly to Arenz's attorney. I will not extend deadlines again for Byrd's failure to conduct discovery in accordance with the federal rules and this court's procedures.

Finally, Byrd renews his motion for the court's assistance in recruiting counsel. Dkt. 33 and Dkt. 46. In a July 18, 2017 order, I denied Byrd's second motion for assistance in recruiting counsel because he had not demonstrated that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Dkt. 19. I invited Byrd to renew his motion when the case passed the early stage of litigation, should he continue to believe that he is unable to litigate the suit himself. I made clear that he would have to explain what tasks, specifically, he is unable to perform without counsel.

Byrd now states that it will be difficult for him to litigate this case because of his imprisonment, limited access to the law library, and limited knowledge of the law. These are common barriers in prisoner litigation and not independent reasons to recruit counsel. Byrd

also identifies several tasks that he says he cannot perform without counsel. He says that he cannot "contact expert witnesses, . . . get police body camera video, dash cam video, [or other evidence,] or track down potential witnesses." Dkt. 33. It appears that Byrd has been unable to obtain discovery because he hasn't asked for discovery. His filings with the court show that Byrd is able to communicate effectively and ask for what he wants. After reviewing the federal rules and this court's procedures concerning discovery, as well as consulting resources in the Oshkosh Correctional Institution law library, he should be able to obtain the discovery he seeks. The fact that he hasn't done so yet does not warrant recruitment of counsel. As for expert witnesses, it does not yet appear that expert witnesses will be required in this case. So I will deny Byrd's motion for now.

Byrd asks alternatively that his case be stayed until he is released from prison and retains counsel on his own. Dkt. 47. I will deny this motion, too. The court has an obligation to "secure the just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. An indefinite stay of this case pending Byrd's release (which online records[2] indicate will not occur for more than two years) and attempts to find counsel (which may not be successful) would be the antithesis of a speedy determination. Of course, Byrd is free to find counsel now, despite his incarceration. But the case will continue in the meantime.

ORDER

IT IS ORDERED that:

1. Plaintiff Lewis Edward Byrd III's motion to extend the summary judgment briefing deadlines, Dkt. 34, is GRANTED.

---

[2] *Wisconsin Dep't of Corrs. Offender Search*, https://appsdoc.wi.gov/lop/home.do.

2. Plaintiff may have until March 15, 2018, to file his complete opposition to defendant Brandon Arenz's summary judgment motion.

3. The clerk of court is directed to send plaintiff a copy of the preliminary pretrial conference order. Dkt. 18.

4. Plaintiff's motions for assistance in recruiting counsel, Dkt. 33 and Dkt. 46, are DENIED without prejudice.

5. Plaintiff's motion to stay the case pending release, Dkt. 47, is DENIED.

Entered January 29, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge