IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS EDWARD BYRD III,

                Plaintiff,

  v.

BRANDON ARENZ,

                Defendant.

ORDER

17-cv-191-jdp

---

Pro se plaintiff Lewis Edward Byrd III is proceeding on a Fourth Amendment excessive force claim against defendant Brandon Arenz. He alleges that Arenz shot at him 11 times and broke his arm during an arrest. Arenz moves for summary judgment. Dkt. 23. Byrd moves the court to allow him additional time to conduct discovery before responding to Arenz's motion. Dkt. 55.

I already extended Byrd's response deadline once, and I warned him that I would not do so again if he failed "to conduct discovery in accordance with the federal rules and this court's procedures." Dkt. 49. Byrd has shown that he has tried to conduct discovery—he has been unsuccessful not because of any failure on his part but because Arenz's counsel provided an incorrect address to Byrd and the court.[1] Byrd has discovered the correct address and resent his discovery requests, but he may not receive Arenz's responses in time. Because the delay is

---

[1] Counsel's letterhead and my own research indicate that Arenz's counsel's office is located not on South Fifth Street (the address provided to the court) but at 1300 AT&T Tower, 901 Marquette Avenue South, Minneapolis, MN 55402. *See* Dkt. 48; Lind Jensen Sullivan & Peterson, http://www.lindjensen.com/.

no fault of his own, I will grant Byrd's motion and extend his summary judgment response deadline so that he may review Arenz's discovery responses before filing his response brief.

Byrd also renews his motion for the court's assistance in recruiting counsel. Dkt. 57. Each time I have denied Byrd's motion for counsel, I have explained that the court attempts to recruit counsel only in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it, and I have made clear that when renewing his motion, he must explain what tasks, specifically, he is unable to perform without counsel.

Byrd now states that he has had trouble communicating with Arenz's counsel because he had the wrong address and he had surgery in January. Now that Byrd has counsel's correct address, it appears that he should be able to communicate adequately, so he does not need counsel on that front. If Byrd's medical issues were so serious that he could not engage in discovery or file things with the court, recruitment of counsel might be appropriate. But that does not appear to be the case: so far, Byrd appears capable of litigating effectively. So I will deny Byrd's motion for now.

ORDER

IT IS ORDERED that:

1. Plaintiff Lewis Edward Byrd III's motion to extend the summary judgment briefing deadlines, Dkt. 55, is GRANTED.

2. Plaintiff may have until April 9, 2018, to file his complete opposition to defendant Brandon Arenz's summary judgment motion.

3. Defendant's counsel must promptly update his address in the court's electronic case filing system.

4. Plaintiff's motion for assistance in recruiting counsel, Dkt. 57, is DENIED without prejudice.

Entered March 6, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge