UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lewis Edward Byrd, III, | Civil Action No: 17-CV-191-JDP |
| Plaintiff, | |
| v. | **AFFIDAVIT OF JASON R. PROCHNOW** |
| Brandon Arenz, | |
| Defendant. | |

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF HENNEPIN    )

Jason R. Prochnow, being first duly sworn upon oath, states and alleges as follows:

1. I am one of the attorneys representing Defendant Brandon Arenz in the above-entitled matter. I submit this Affidavit in opposition to Plaintiff's motion to compel.

2. Defendant Brandon Arenz is an adult resident of Wisconsin, who was formerly employed with the City of Hillsboro Police Department at the time of this incident on August 13, 2016.

3. The City of Hillsboro is located in Vernon County, Wisconsin.

4. Attached herewith as Exhibit 1 is a true and correct copy of Plaintiff's initial motion/demand for discovery dated February 5, 2018.

5. Attached herewith as Exhibit 2 is a true and correct copy of Plaintiff's second motion/demand for discovery dated February 14, 2018.

6. Defendant has fully responded to Plaintiff's requests for discovery, dated 2/5/18 and 2/14/18, and has already produced 182 pages of written material, along with a dash cam video.

7. Attached herewith as Exhibit 3 is a true and correct copy of Defendant's responses to Plaintiff's motions/requests for discovery (without the 182 pages of documents and the dash cam video identified therein).

8. Plaintiff's motion to compel discovery is improper because Plaintiff is mistakenly trying to obtain documents or items that are not in the control or possession of Defendant Arenz', or his former employer City of Hillsboro. I personally contacted my client and the City of Hillsboro, and have confirmed that neither of them have copies of the photographs, documents or items listed in Plaintiff's motion to compel, Items 1 to 3.

9. That Plaintiff's motion to compel Items 1 to 3 are likely stored in the Monroe County Sheriff's Office and/or with the Wisconsin State Highway Patrol, if those items still exist.

10. That Defendant has no additional items to produce in response to Plaintiff's motion to compel, Items 6 and 7.

11. That Plaintiff's motion to compel Items 4 and 5 are "new" demands for discovery, which Defendant had not received prior to receiving Plaintiff's motion to compel dated March 19, 2018.

2

12. That Defendant is not aware of any existing psychiatric evaluations performed on Officer Brandon Arenz, and Defendant is not in possession of the certification requirements related to State of Wisconsin police officers.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: March 28, 2018

_____
JASON R. PROCHNOW

Subscribed and sworn to before me
this __28__ day of March, 2018.

_____
Notary Public
My commission expires

KATHLEEN NELL RENSHAW
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

Lewis E. Byrd III,            Case No. 17-CV-191-JDP
    Plantiff,

V.

Brandon Arnez,
    Defendent.

**EXHIBIT 1**

## Motion for Discovery

I am filing this motion for Discovery. The Discovery request details are as follows.

i) All internal documents including but not limited to: Training manuals of the Hillsboro Police Department, Elroy Police Department and the Vernon County Sheriff's Department, Policy and practices materials, whether in physical or electronic form containing the phrases or pretaining to the subject of;

A.) Highspeed chase or pursuit, exceeding posted speed limits (with reference to pursuing or following a suspect in a motor vehicle, criteria for initating and or terminating a high speed chase or pursuit, deployment of tire spikes or any other form of suspect vehicle interdiction.

B.) Use of deadly force, firing or discharging of a service weapon;

C.) Multi-Jurisdictional communication and/or cooperation in locating and or apprehending suspects in a motor vehicle whether high speed is involved or not; and

1.) Use of Dash and Body cam video equipment both manually and automatically.

2.) Any and all Dash cam and Body cam video and audio of any and all members of Law Enforcement, their vehicle or any vehicle and officers present or any way involved in the underline matter. Including but not limited to officer Todd Kruger, officer Brandon Arnez, Deputy Miltimore, Deputy Lawrence Howell, Deputy William Zirk, Sgt. Patrick Clark, officer Ryan Williams, officer Fredrick VonRuden, Sgt. Holtz, Chief Richardson, and officer Grover Wooten.

3.) Any and all sound files and notes pertaining to and transcriptions of any and all electronic means of communication (radio, cell phone) in any way involved in the underling matter, including dispatch logs, records, transcriptions and recordings.

4.) Service records of all responding Law Enforcement officers to be examined for;

A.) Use of deadly force, discharge of service weapon and/or,

B.) Highspeed pursuit or chase or apprehension of suspect(s) in a motor vehicle determing whether any such incidents resulted in any warning, oral or written or any disciplinary action or procedural disposition including terms and cause for end of employment. Including Defendents terms and cause for end of employment with the Hillsboro Police Department.

5.) All reports, transcripts, notes, radar of speed and arrest records of Saguent Butcher who was driving a Red 2007 Buick with Minnesota plates registered to Mr. Byrd. And was apprehended in Junau County for a high speed chase through Union Center, shorty before Mr. Byrds arrest.

6.) Radar of speed for the Red 2013 Lexus that Mr. Byrd was driving, to determine Mr. Byrds speed at the time of the shooting.

7.) Any and all eyewitness statements, dispositions and law enforcement notebook and other written entries concerning the events. Including but not limited to George Shumer the civilian that pulled over at the scene of the shooting and the unnamed witness who entered Mr. Byrds vechile to put it into park.

8.) Any and all photos, videos and 3-D images made of the scene of Mr. Byrd and officer Kruger's squad, including accident reports, any investagation reports done by the wisconsin state patrol traffic reconstruction unit, and any and all reports by all agentcies involed.

9.) Any and all reports and records of phone calls, text, emails and any and all other forms of communication to the D.C.I. (Department of Criminal Investigations) pertaing to the investagation of this case.

10) Any and all reports and records of Forensics reports pertaining to the investigation of the officer involved shooting of Mr. Byrd. Any reinactment reports, all photos, video of Mr. Byrd's vehicle.

11) Any and all data downloaded from Mr. Byrds 2013 Lexus' computer system.

Dated: 2/5/18                    Signed: *Lewis E. Byrd III*
                                 Lewis E. Byrd III
                                 pro-se

Lewis Byrd,                                                        Case No. 17-CU-191-JDP
    Plaintiff,

v.

Brandon Arnez,
    Defendant,

### Motion for medical records

I'am requesting medical records for Brandon Arnez and Todd Kruger that are in conection with Aug. 13 2016.

Dated: 2/14/18                                    Signed: Lewis Byrd

**EXHIBIT 2**

2718b

Lewis Byrd
    Plaintiff,

v.

Brandan Arnez,
    Defendant,

Case No. 17-CV-191-JDP

## Motion for medical Records of Lewis Byrd

I hereby give permission for the Defendant to inquire Mr. Byrds medical records from the surgery that was performed on Mr. Byrd to have his elbow reconstructed and a implant incerted. Mr. Byrd had surgery on Jan 2, 2018 at The Kennedy Center. 2700 W. 9th Ave. Oshkosh, WI. 54904. to have an arthroplasy performed for a non-union fracture in connection to the underline cases Mr. Byrd gives Defendant access to these records to assess damages.

Dated: 2/14/18          Signed - Lewis Byrd



A PROFESSIONAL ASSOCIATION

March 12, 2018

Lewis Edward Byrd, III
#657840
Oshkosh Correctional Institution
P. O. Box 3310
Oshkosh, WI 54903

    Re:  Lewis E. Byrd III v. Brandon Arenz
         Case No.  17-CV-191-JDP
         Our File  27186

Dear Mr. Byrd:

Enclosed herein and served upon you by U.S. Mail, please find Defendant's Response to Plaintiff's Motion for Discovery and Motion for Medical Records (Bates labeled ARENZ0001-ARENZ0182 and CD of video) in the above referenced matter.

                            Respectfully yours,

                            Lind, Jensen, Sullivan & Peterson
                            A Professional Association

                            Jason R. Prochnow
                            *jason.prochnow@lindjensen.com*

JRP/mrb
Enclosures

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

Lewis Edward Byrd, III,

Plaintiff,

v.

Brandon Arenz,

Defendant.

Civil Action No: 17-CV-191-JDP

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY AND MOTION FOR MEDICAL RECORDS**

TO: PLAINTIFF LEWIS EDWARD BYRD, III, #657840, OSHKOSH CORRECTIONAL INSTITUTION, P. O. BOX 3310, OSHKOSH, WI 54903:

NOW COMES, Defendant Brandon Arenz ("Arenz"), as and for his Response to Plaintiff's Motion for Discovery (and request for documents), dated February 5, 2018, and in Response to Plaintiff's Motion for Medical Records, dated February 14, 2018, and states as follows:

1. All internal documents, including but not limited to, training manuals of the Hillsboro Police Department, Elroy Police Department and the Vernon County Sheriff's Department, policy and practices materials, whether in physical or electronic form containing the phrases or pertaining to the subject of:

    a. High-speed chase or pursuit, exceeding posted speed limits (with reference to pursuing or following a suspect in a motor vehicle, criteria for initiating and/or terminating a high-speed chase or pursuit, deployment of tire spikes or any other form of suspect vehicle interception;

  b. Use of deadly force, firing or discharging of a service weapon;

  c. Multi-jurisdictional communication and/or cooperation in locating and/or apprehending suspects in a motor vehicle whether high speed is [cut off]; and

  d. Use of dash and body cam video equipment both manually and automatically.

**RESPONSE:** See attached Hillsboro Police Department Field Training and Evaluation Program training manual. See Arenz documents (00001-00050). This Defendant is not in possession of training manuals for other police departments or sheriff offices;

 1a: See Arenz documents (00051-00058) for pursuit procedures and Arenz 00059-00061 for tire deflating road spike system procedure;

 1b: See Arenz documents (00062-00065) for use of force guidelines;

 1c: None; and

 1d: None.

 2. Any and all dash cam and body cam video and audio of any and all members of law enforcement, their vehicle or any vehicle and officers present or in any way involved in the underlying matters, including but not limited to, Officer Todd Kruger, Officer Brendan Arnez, Deputy Miltimore, Deputy Lawrence Howell, Deputy William Zirk, Sgt. Patrick Clark, Officer Ryan Williams, Officer Fredrick VonRuden, Sgt. Holtz, Chief Richardson, and Officer Groves Wooten.

 **RESPONSE:** Please see dash cam video preserved from Arenz

squad car, produced in the attached CD along with Defendant's Bates marked documents identified herein. Defendant is not in possession with any other dash cam and/or body cam video for any of the other requested officers, and is not aware of any other video existing. Discovery continues.

3. Any and all sound files and notes pertaining to and transcriptions of any and all electronic means of communication (radio, cell phone) in any way involved in the underlying matter, including dispatch logs, records, transcriptions, and recordings.

**RESPONSE:** None known to this answering Defendant. Discovery continues.

4. Service records of all responding law enforcement officers to be examined for:

    a. Use of deadly force, discharge of service weapon and/or;

    b. High-speed pursuit or chase or apprehension of suspect(s) in a motor vehicle determining whether any such incidents resulted in any warning, oral or written, or any disciplinary action or procedural disposition including Defendant's terms and cause for end of employment with the Hillsboro Police Department.

**RESPONSE:** See attached service records for Defendant Brandon Arnez. See Arenz documents (00066-00092). This Defendant is not in possession of any other service records for other law enforcement officers.

4a: See Arenz service records;

3

**4b: See Arenz attached service records and notice of resignation dated 9/18/16.**

5. All reports, transcripts, notes, radar of speed, and arrest records of Sgt. Butcher who was driving a red 2007 Buick with Minnesota plates registered to Mr. Byrd and was apprehended in Juneau County for a high-speed chase through Union Center shortly before Mr. Byrd's arrest.

**RESPONSE: None in the possession of this answering Defendant.**

6. Radar of speed for the Red 2013 Lexus that Mr. Byrd was driving, to determine Mr. Byrd's speed at the time of the shooting.

**RESPONSE: None in the possession of this answering Defendant, and/or known to this Defendant.**

7. Any and all eyewitness statements, dispositions and law enforcement notebook and other written entries concerning the events, including but not limited to, George Shumer, the civilian that pulled over at the scene of the shooting, and the unnamed witness who entered Mr. Byrd's vehicle to put it into park.

**RESPONSE: See attached police reports. See Arenz documents (00093-00182).**

8. Any and all photos, videos, and 3-D images made of the scene of Mr. Byrd and Officer Kruger's squad, including accident reports, any investigation reports done by the Wisconsin State Patrol traffic reconstruction units, and any and all reports by all agencies involved.

**RESPONSE: None known to this answering Defendant, other than**

4

the previously produced dash cam video and the photographs of Officer Kruger's squad car in Defendants Motion for Summary Judgment. Discovery continues.

9. Any and all reports and records of phone calls, text, emails and any and all other forms of communication to the DCI (Department of Criminal Investigations) pertaining to the investigation of this case.

**RESPONSE:** **None in the possession of this answering Defendant, and/or known to Defendant. Discovery continues.**

10. Any and all reports and records of forensic reports pertaining to the investigation of the officer involved shooting of Mr. Byrd. Any reenactment reports, all photos, video of Mr. Byrd's vehicle.

**RESPONSE:** **See Arenz documents (00093-00182).**

11. Any and all data downloaded from Mr. Byrd's 2013 Lexus computer system.

**RESPONSE:** **None in the possession of this answering Defendant.**

12. Plaintiff's motion/request for medical records.

**RESPONSE:** **None in possession of Defendant Brandon Arnez in regard to the request for medical records pertaining to Brandon Arenz and/or Elroy Police Officer Todd Krueger. Discovery continues.**

Dated: March 12, 2013

Lind, Jensen, Sullivan & Peterson
A Professional Association

Jason R. Prochnow #1034213
Attorneys for Defendant
1300 AT&T Tower
901 Marquette Avenue South
Minneapolis, Minnesota 55402
(612) 333-3637
jason.prochnow@lindjensen.com

6

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Michelle Bueche of the County of Dakota, the State of Minnesota, being duly sworn, says that on the March 12, 2018, she served the annexed:

### Correspondence to Judge Peterson and Clerk Oppeneer

### Defendant's Response to Plaintiff's Motion for Discovery and Motion for Medical Records

on the party below-named in this action, by mailing each to said attorney thereof enclosed in an envelope, postage prepaid, and by depositing same in the post office at Minneapolis, Minnesota directed to the following:

Lewis Edward Byrd, III
#657840
Oshkosh Correctional Institution
P. O. Box 3310
Oshkosh, WI 54903

I declare under penalty of perjury that everything I have stated in this document is true and correct.

*Michelle Bueche*
Michelle Bueche