Exhibit 14

Updated 2015−16 Wis. Stats. Published and certified under s. 35.18. March 21, 2018.

**165.84   DEPARTMENT OF JUSTICE**                                      Updated 15−16 Wis. Stats.   **20**

(c) 1. No biological specimen obtained under par. (ah) may be subject to analysis except by the crime laboratories as provided under s. 165.77.

2. Biological specimens obtained under this section may be used only as provided under s. 165.77.

History: 1977 c. 305 s. 64; 1985 a. 29; 1993 a. 407; 1997 a. 283; 2013 a. 20, 214; 2015 a. 366.

**165.845  Collect crime data. (1)** The department of justice shall:

(a) Collect information concerning the number and nature of offenses known to have been committed in this state and such other information as may be useful in the study of crime and the administration of justice. The department of justice may determine any other information to be obtained regarding crime and justice system statistics. The information shall include data requested by the federal bureau of investigation under its system of uniform crime reports for the United States.

(b) Furnish all reporting officials with forms or instructions or both that specify the nature of the information required under par. (a), the time it is to be forwarded, the method of classifying and any other matters that facilitate collection and compilation.

(c) Maintain a statistical analysis center to serve as a clearing house of justice system data and information and conduct justice system research and data analysis under this section.

(2) All persons in charge of law enforcement agencies and other criminal and juvenile justice system agencies shall supply the department of justice with the information described in sub. (1) (a) on the basis of the forms or instructions or both to be supplied by the department under sub. (1) (a). The department may conduct an audit to determine the accuracy of the data and other information it receives from law enforcement agencies and other criminal and juvenile justice system agencies.

History: 2013 a. 20 ss. 168 to 170, 172, 1938, 1939.

**165.85  Law enforcement standards board. (1)** FINDINGS AND POLICY. The legislature finds that the administration of criminal justice is of statewide concern, and that law enforcement work is of vital importance to the health, safety, and welfare of the people of this state and is of such a nature as to require training, education, and the establishment of standards of a proper professional character. The public interest requires that these standards be established and that this training and education be made available to persons who seek to become law enforcement, tribal law enforcement, jail or juvenile detention officers, persons who are serving as these officers in a temporary or probationary capacity, and persons already in regular service.

(2) DEFINITIONS. In this section and in s. 165.86:

(ac) "Alzheimer's disease" has the meaning given in s. 46.87 (1) (a).

(ah) "Board" means the law enforcement standards board.

(bc) "Fiscal year" has the meaning given in s. 20.902.

(bg) "Jail" means a county jail, rehabilitation facility established by s. 59.53 (8) or county house of correction under s. 303.16.

(bn) "Jail officer" means any person employed by any political subdivision of the state for the purpose of supervising, controlling or maintaining a jail or the persons confined in a jail. "Jail officer" includes officers regardless of whether they have been sworn regarding their duties or whether they serve on a full−time basis.

(br) "Juvenile detention facility" has the meaning given in s. 48.02 (10r).

(bt) "Juvenile detention officer" means any person employed by any political subdivision of the state or by any private entity contracting under s. 938.222 to supervise, control, or maintain a juvenile detention facility or the persons confined in a juvenile detention facility. "Juvenile detention officer" includes officers regardless of whether they have been sworn regarding their duties or whether they serve on a full−time basis.

(bv) "Law enforcement agency" means a governmental unit of this state or a political subdivision of this state that employs one or more law enforcement officers.

(bx) "Law enforcement instructor" means a person who is certified by the board to deliver board−approved program outcomes, course competencies, performance standards, and learning objectives in training programs and training schools for law enforcement officers, tribal law enforcement officers, jail officers, and juvenile detention officers.

(c) "Law enforcement officer" means any person employed by the state or any political subdivision of the state, for the purpose of detecting and preventing crime and enforcing laws or ordinances and who is authorized to make arrests for violations of the laws or ordinances that the person is employed to enforce. "Law enforcement officer" includes a university police officer, as defined in s. 175.42 (1) (b).

(cm) "Police pursuit" has the meaning given in s. 85.07 (8) (a).

(d) "Political subdivision" means counties, cities, villages, towns, town sanitary districts, public inland lake protection and rehabilitation districts, and technical college districts.

(e) "Preservice student" means any person who meets the minimum recruitment qualifications set by the board and who enrolls in preparatory training under sub. (4) (a) 1., (b) 1., or (c) 1. prior to employment as a law enforcement officer, tribal law enforcement officer, jail officer, or juvenile detention officer.

(f) "Recruit" means a law enforcement officer, tribal law enforcement officer, jail officer, or juvenile detention officer employed on a probationary or temporary basis, in compliance with the minimum recruitment qualifications set by the board.

(g) "Tribal law enforcement officer" means any of the following:

1. A person who is employed by a tribe for the purpose of detecting and preventing crime and enforcing the tribe's laws or ordinances, who is authorized by the tribe to make arrests of Indian persons for violations of the tribe's laws or ordinances, and who agrees to accept the duties of law enforcement officers under the laws of this state.

2. A conservation warden employed by the Great Lakes Indian Fish and Wildlife Commission who agrees to accept the duties of law enforcement officers under the laws of this state.

(3) POWERS. The board may:

(a) Promulgate rules for the administration of this section including the authority to require the submission of reports and information pertaining to the administration of this section by law enforcement and tribal law enforcement agencies in this state.

(b) Establish minimum educational and training standards for admission to employment as a law enforcement or tribal law enforcement officer in permanent positions and in temporary, probationary or part−time status. Educational and training standards for tribal law enforcement officers under this paragraph shall be identical to standards for other law enforcement officers.

(c) Except as provided under sub. (3m) (a), certify persons as being qualified under this section to be law enforcement, tribal law enforcement, jail or juvenile detention officers. Prior to being certified under this paragraph, a tribal law enforcement officer shall agree to accept the duties of law enforcement officers under the laws of this state.

(cm) Decertify law enforcement, tribal law enforcement, jail or juvenile detention officers who terminate employment or are terminated, who violate or fail to comply with a rule, policy, or order of the board relating to curriculum or training, who falsify information to obtain or maintain certified status, who are certified as the result of an administrative error, who are convicted of a felony or of any offense that, if committed in Wisconsin, could be punished as a felony, who are convicted of a misdemeanor crime of domestic violence, or who fail to pay court−ordered payments of child or family support, maintenance, birth expenses, medical expenses, or other expenses related to the support of a

2015−16 Wisconsin Statutes updated through 2017 Wis. Act 142 and all Supreme Court and Controlled Substances Board Orders effective on or before March 21, 2018. Published and certified under s. 35.18. Changes effective after March 21, 2018 are designated by NOTES. (Published 3−21−18)

1 of 5

Case: 3:17-cv-00191-jdp   Document #: 72-13   Filed: 04/11/18   Page 3 of 6

Updated 2015−16 Wis. Stats. Published and certified under s. 35.18. March 21, 2018.

21   Updated 15−16 Wis. Stats.                                             DEPARTMENT OF JUSTICE        165.85

child or former spouse, or who fail to comply, after appropriate notice, with a subpoena or warrant issued by the department of children and families or a county child support agency under s. 59.53 (5) and related to paternity or child support proceedings. The board shall establish procedures for decertification in compliance with ch. 227, except that decertification for failure to pay court−ordered payments of child or family support, maintenance, birth expenses, medical expenses, or other expenses related to the support of a child or former spouse or for failure to comply, after appropriate notice, with a subpoena or warrant issued by the department of children and families or a county child support agency under s. 59.53 (5) and related to paternity or child support proceedings shall be done as provided under sub. (3m) (a).

(d) Establish minimum curriculum requirements for preparatory courses and programs, and recommend minimum curriculum requirements for recertification and advanced courses and programs, in schools approved by the board and operated by or for this state or any political subdivision of the state for the specific purpose of training law enforcement recruits, law enforcement officers, tribal law enforcement recruits, tribal law enforcement officers, jail officer recruits, jail officers, juvenile detention officer recruits, or juvenile detention officers in areas of knowledge and ability necessary to the attainment of effective performance as an officer, and ranging from subjects such as first aid, patrolling, statutory authority, techniques of arrest, protocols for official action by off−duty officers, firearms, domestic violence investigations, and recording custodial interrogations to subjects designed to provide a better understanding of ever−increasing complex problems in law enforcement such as human relations, civil rights, constitutional law, and supervision, control, and maintenance of a jail or juvenile detention facility. The board shall appoint a curriculum advisory committee to advise the board in the establishment of the curriculum requirements. The curriculum advisory committee shall consist of 6 chiefs of police and 6 sheriffs to be appointed on a geographic basis, the director of training of the Wisconsin state patrol, and, if applicable, one or more representatives of colleges or universities as follows:

1. If any technical college in the state provides a course or program described in this paragraph, the board shall appoint to the curriculum advisory committee one person to represent technical colleges.

2. If any 2−year college in the state provides a course or program described in this paragraph, the board shall appoint to the curriculum advisory committee one person to represent 2−year colleges.

3. If any 4−year college or university in the state provides a course or program described in this paragraph, the board shall appoint to the curriculum advisory committee one person to represent 4−year colleges and universities.

(e) Consult and cooperate with counties, municipalities, agencies of this state, other governmental agencies and with universities, colleges, the technical college system board and other institutions concerning the development of law enforcement training schools, degree programs or specialized courses of instruction.

(g) Conduct and stimulate research which is designed to improve law enforcement administration and performance.

(h) Make recommendations concerning any matter within its purview.

(i) Make such evaluations as are necessary to determine if participating governmental units are complying with this section.

(j) Adopt rules under ch. 227 for its internal management, control and administration.

(3m) DUTIES RELATING TO SUPPORT ENFORCEMENT. The board shall do all of the following:

(a) As provided in a memorandum of understanding entered into with the department of children and families under s. 49.857, refuse certification to an individual who applies for certification under this section, refuse recertification to an individual certified under this section or decertify an individual certified under this

section if the individual fails to pay court−ordered payments of child or family support, maintenance, birth expenses, medical expenses or other expenses related to the support of a child or former spouse or if the individual fails to comply, after appropriate notice, with a subpoena or warrant issued by the department of children and families or a county child support agency under s. 59.53 (5) and related to paternity or child support proceedings.

(b) 1. Request that an individual provide the board with his or her social security number when he or she applies for certification or recertification under this section. Except as provided in subd. 2., if an individual who is requested by the board to provide his or her social security number under this paragraph does not comply with the board's request, the board shall deny the individual's application for certification or recertification. The board may disclose a social security number provided by an individual under this paragraph only to the department of children and families as provided in a memorandum of understanding entered into with the department of children and families under s. 49.857.

2. As a condition of applying for certification or recertification, an individual who does not have a social security number shall submit a statement made or subscribed under oath or affirmation to the board that he or she does not have a social security number. The form of the statement shall be prescribed by the department of children and families. A certification or recertification issued in reliance on a false statement submitted under this subdivision is invalid.

(4) REQUIRED STANDARDS. (a) *Law enforcement and tribal law enforcement officers.* 1. The board shall establish a preparatory program of law enforcement and tribal law enforcement officer training, which shall include not less than 600 hours of training. The board shall establish criteria for the general program outcomes for the preparatory program. Specifics of the training curriculum, competencies, student learning and performance objectives, particular subjects, and the minimum number of hours for each subject shall be established by written policy of the board. In establishing the preparatory training program, the board shall give due consideration to recommendations made by the curriculum advisory committee. The board may amend the criteria and policies governing the preparatory training program as needed to respond to technological changes affecting law enforcement, additional recommendations made by the curriculum advisory committee, or other conditions affecting the public interest in maintaining training standards of a proper professional character. Notwithstanding s. 227.10 (1), the criteria and policies established under this paragraph need not be promulgated as rules under ch. 227.

2. Except as provided in subd. 3. or 8., no person may be employed as a law enforcement or tribal law enforcement officer, except on a temporary or probationary basis, unless the person has satisfactorily completed the preparatory training program established under subd. 1. and has been certified by the board as being qualified to be a law enforcement or tribal law enforcement officer.

3. A recruit may exercise law enforcement powers during an original period of temporary or probationary employment that, except as provided in subd. 6. or as otherwise authorized by law, may not exceed 12 months from the recruit's first date of employment.

3h. A person may be certified by the board under subd. 2. only if the person has successfully completed the preparatory program established under subd. 1. within the person's original period of temporary or probationary employment established in subd. 3.

3m. Except as provided in sub. (3m) (a), and in addition to certification procedures under this paragraph, the board may certify any person as being a tribal law enforcement officer on the basis of the person's completion of the training requirements for law enforcement officer certification prior to May 6, 1994. The officer must also meet the agreement requirements under sub. (3) (c) prior to certification as a tribal law enforcement officer.

Updated 2015−16 Wis. Stats. Published and certified under s. 35.18. March 21, 2018.

**165.85   DEPARTMENT OF JUSTICE**                                                          Updated 15−16 Wis. Stats. 22

4. Preservice students taking part in the preparatory program of law enforcement or tribal law enforcement officer training established by the board under subd. 1. shall be fingerprinted on 2 fingerprint cards, each bearing a complete set of the student's fingerprints, or by other technologies approved by the department of justice. The fingerprints shall be submitted to the department of justice for verification of the identify of the person fingerprinted and to obtain records of his or her criminal arrests and convictions in Wisconsin. The department of justice shall provide for the submission of the fingerprint cards or fingerprints by other technologies to the federal bureau of investigation for the purpose of verifying the person fingerprinted and obtaining records of his or her criminal arrests and convictions on file with the federal bureau of investigation.

5. No person who has been convicted of any federal felony, any crime of domestic violence, or of any offense that, if committed in Wisconsin, could be punished as a felony may take part in the preparatory training program established under subd. 1. unless he or she has been granted an absolute and unconditional pardon for the crime.

6. Upon a showing of good cause by a recruit or a recruit's employer, the board may extend the recruit's original period of temporary or probationary employment for a period of time it deems appropriate.

7. a. Except as provided in subd. 8., no person may continue as a certified law enforcement or tribal law enforcement officer unless that person maintains law enforcement or tribal law enforcement employment and completes annual recertification training. Any officer who is subject to this subdivision shall complete at least 24 hours of recertification training each fiscal year beginning in the fiscal year following the fiscal year in which he or she is certified as a law enforcement or tribal law enforcement officer by the board.

b. Each officer who is subject to this subdivision shall biennially complete at least 4 hours of training from curricula based upon model standards promulgated by the board under par. (d). Hours of training completed under this subd. 7. b. shall count toward the hours of training required under subd. 7. a.

c. Each officer who is subject to this subdivision shall annually complete a handgun qualification course from curricula based upon model standards established by the board under par. (e). Hours of training completed under this subd. 7. c. shall count toward the hours of training required under subd. 7. a.

8. Sheriffs are not required to satisfy the requirements under subd. 2., 3., or 7. as a condition of tenure or continued employment.

(b) *Jail officers.* 1. The board shall establish a preparatory program of jail officer training, which shall include not less than 160 hours of training. The board shall establish criteria for the general program outcomes for the preparatory program. Specifics of the training curriculum competencies, student learning and performance objectives, particular subjects, and the minimum number of hours for each subject shall be established by written policy of the board. In establishing the preparatory training program, the board shall give due consideration to recommendations made by the curriculum advisory committee. The board may amend the criteria and policies governing the preparatory training program as needed to respond to technological changes affecting jail administration, additional recommendations made by the curriculum advisory committee, or other conditions affecting the public interest in maintaining training standards of a proper professional character. The board may provide that any part of the training program under this subdivision and the training program under par. (c) 1. are identical and count toward either training requirement under this paragraph or par. (c). Notwithstanding s. 227.10 (1), the criteria and policies established under this paragraph need not be promulgated as rules under ch. 227.

2. Except as provided in subd. 7., no person may be employed as a jail officer, except on a temporary or probationary basis, unless the person has satisfactorily completed the preparatory training program established under subd. 1. and has been certified by the board as being qualified to be a jail officer.

3. A recruit may exercise jail officer powers only during an original period of temporary or probationary employment that, except as provided in subd. 5. or as otherwise authorized by law, may not exceed 12 months from the recruit's first date of employment.

4. A person may be certified by the board under subd. 2. only if the person has successfully completed the preparatory program established under subd. 1. within the person's original period of temporary or probationary employment established in subd. 3.

4g. Preservice students taking part in the preparatory program of jail officer training established by the board under subd. 1. shall be fingerprinted on 2 fingerprint cards, each bearing a complete set of the student's fingerprints, or by other technologies approved by the department of justice. The fingerprints shall be submitted to the department of justice for verification of the identity of the person fingerprinted and to obtain records of his or her criminal arrests and convictions in Wisconsin. The department of justice shall provide for the submission of the fingerprint cards or fingerprints by other technologies to the federal bureau of investigation for the purpose of verifying the person fingerprinted and obtaining records of his or her criminal arrests and convictions on file with the federal bureau of investigation.

4r. No person who has been convicted of any federal felony or of any offense that, if committed in Wisconsin, could be punished as a felony may take part in the preparatory training program established under subd. 1. unless he or she has been granted an absolute and unconditional pardon for the crime.

5. Upon a showing of good cause by a recruit or a recruit's employer, the board may extend the recruit's original period of temporary or probationary employment for a period of time it deems appropriate.

6. No person may continue as a certified jail officer, unless that person maintains employment with a jail and completes annual recertification training. The officer shall complete at least 24 hours of recertification training each fiscal year beginning in the fiscal year following the fiscal year in which he or she is certified as a jail officer by the board.

7. Subdivision 2. does not apply to a jail officer serving under permanent appointment prior to July 2, 1983. The failure of any such officer to fulfill those requirements does not make that officer ineligible for any promotional examination for which he or she is otherwise eligible. Any such officer may voluntarily participate in programs to fulfill those requirements.

(c) *Juvenile detention officers.* 1. The board shall establish a preparatory program of juvenile detention officer training, which shall include not less than 160 hours of training. The board shall establish criteria for the general program outcomes for the preparatory program. Specifics of the training curriculum, competencies, student learning and performance objectives, particular subjects, and the minimum number of hours for each subject shall be established by written policy of the board. In establishing the preparatory training program, the board shall give due consideration to recommendations made by the curriculum advisory committee. The board may amend the criteria and policies governing the preparatory training program as needed to respond to technological changes affecting juvenile detention administration, additional recommendations made by the curriculum advisory committee, or other conditions affecting the public interest in maintaining training standards of a proper professional character. The board may provide that any part of the training program under this subdivision and the training program under par. (b) 1. are identical and count toward either training requirement under this paragraph or par. (b). Notwithstanding s. 227.10 (1), the criteria and policies established under this paragraph need not be promulgated as rules under ch. 227.

*2015−16 Wisconsin Statutes updated through 2017 Wis. Act 142 and all Supreme Court and Controlled Substances Board Orders effective on or before March 21, 2018. Published and certified under s. 35.18. Changes effective after March 21, 2018 are designated by NOTES. (Published 3−21−18)*

3 of 5

Case: 3:17-cv-00191-jdp   Document #: 72-13   Filed: 04/11/18   Page 5 of 6

Updated 2015−16 Wis. Stats. Published and certified under s. 35.18. March 21, 2018.

| 23 | Updated 15−16 Wis. Stats. | DEPARTMENT OF JUSTICE | 165.85 |

2. No person may be employed as a juvenile detention officer, except on a temporary or probationary basis, unless the person has satisfactorily completed the program established under subd. 1. and has been certified by the board as being qualified to be a juvenile detention officer.

3. A recruit may exercise juvenile detention officer powers only during an original period of temporary or probationary employment that, except as provided in subd. 5. or as otherwise authorized by law, may not exceed 12 months from the recruit's first date of employment.

4. A person may be certified by the board under subd. 2. only if the person has successfully completed the preparatory program established under subd. 1. within the person's original period of temporary or probationary employment established in subd. 3.

4g. Preservice students taking part in the preparatory program of juvenile detention officer training established by the board under subd. 1. shall be fingerprinted on 2 fingerprint cards, each bearing a complete set of the student's fingerprints, or by other technologies approved by the department of justice. The fingerprints shall be submitted to the department of justice for verification of the identity of the person fingerprinted and to obtain records of his or her criminal arrests and convictions in Wisconsin. The department of justice shall provide for the submission of the fingerprint cards or fingerprints by other technologies to the federal bureau of investigation for the purpose of verifying the person fingerprinted and obtaining records of his or her criminal arrests and convictions on file with the federal bureau of investigation.

4r. No person who has been convicted of any federal felony or of any offense that, if committed in Wisconsin, could be punished as a felony may take part in the preparatory training program established under subd. 1. unless he or she has been granted an absolute and unconditional pardon for the crime.

5. Upon a showing of good cause by a recruit or a recruit's employer, the board may extend the recruit's original period of temporary or probationary employment for a period of time it deems appropriate.

6. No person may continue as a certified juvenile detention officer, except on a temporary or probationary basis, unless that person maintains employment with a juvenile detention facility and completes annual recertification training. The officer shall complete at least 24 hours of recertification training each fiscal year beginning in the fiscal year following the fiscal year in which he or she is certified as a juvenile detention officer by the board.

7. Any person employed and certified as a jail officer on July 1, 1994, is certified as a juvenile detention officer and remains certified as a juvenile detention officer subject to annual recertification requirements under subd. 6. and the board's decertification authority under sub. (3) (cm).

(d) *Police pursuit.* The board shall promulgate rules that do all of the following:

1. Establish model standards that could be used by any law enforcement agency to determine whether to initiate or continue police pursuit, to establish police pursuit driving techniques employed by that agency, and to inform its officers of its written guidelines provided under s. 346.03 (6). The board shall review and, if considered appropriate by the board, revise the model standards established under this subdivision not later than June 30 of each odd−numbered year thereafter. The rules promulgated under this subdivision are advisory only, are not required to be included as a law enforcement training standard under this subsection, and are inadmissible as evidence, except to show compliance with this subdivision.

2. Establish the preparatory program and biennial recertification training curricula required under par. (a) relating to police pursuit standards, guidelines, and driving techniques.

(e) *Firearms.* The board shall establish criteria for firearm training. Notwithstanding s. 227.10 (1), the criteria need not be promulgated as rules under ch. 227 and shall do all of the following:

1. Establish model standards that could be used by any law enforcement agency to show handgun proficiency.

2. Establish the preparatory program and annual recertification training curricula required under par. (a) relating to an officer's ability to operate and fire a handgun.

(f) *Local or agency standards.* Nothing in this subsection shall preclude any law enforcement or tribal law enforcement agency or sheriff from setting recruit training, employment, and recertification training standards that are higher than the minimum standards set by the board.

(5) SCHOOLS AND PROGRAMS; TRAINING REIMBURSEMENTS. (a) All training programs and training schools for law enforcement, tribal law enforcement, jail, and juvenile detention officers and law enforcement instructors must be authorized and approved by the board as meeting standards established by the board. The board may authorize and approve a training program or training school only if it is operated by an agency of the state or of a political subdivision of the state. The authority granted in this paragraph does not authorize the board to select a site for a state police, jail, or juvenile detention officer academy or to expend funds thereon.

(b) The board shall authorize the reimbursement to each political subdivision of approved expenses incurred by recruits who satisfactorily complete training at schools certified by the board. Reimbursement of these expenses for law enforcement officer, jail officer and juvenile detention officer preparatory training shall be for board approved tuition, living, and travel expenses. Reimbursement of approved expenses for completion of annual recertification training under sub. (4) shall include at least $160 per officer thereafter. Funds may also be distributed for attendance at other training programs and courses or for training services on a priority basis to be decided by the department of justice.

(c) The board may provide grants as a reimbursement for actual expenses incurred by state agencies or political subdivisions for providing training programs to officers from other jurisdictions within the state.

(d) Any state agency which receives reimbursement for salary and fringe benefit costs under this subsection shall treat the reimbursement as revenue and deposit any such reimbursement in the appropriate program revenue account or segregated fund. If there is no such appropriate account or fund, the reimbursement shall be deposited as general purpose revenue — earned.

(5x) OFFICER TRAINING REIMBURSEMENT. Notwithstanding sub. (5), in each fiscal year, the department of justice shall determine the amount of additional costs, including but not limited to tuition, lodging, travel, meals, salaries and fringe benefits, to each political subdivision as a result of the enactment of 1993 Wisconsin Act 460. In each fiscal year, the department shall pay each political subdivision the amount determined under this subsection for that political subdivision from the appropriation under s. 20.455 (2) (am), subject to the limitations under s. 20.455 (2) (am).

(6) FINANCES. The board may accept for any of its purposes and functions under this section any and all donations, both real and personal, and grants of money from any governmental unit or public agency, or from any institution or person, and may receive and utilize the same. Any arrangements pursuant to this subsection shall be detailed in any report of the board submitted under s. 15.07 (6), which shall include the identity of the donor, the nature of the transaction, and the conditions, if any.

History: 1973 c. 90, 333; 1975 c. 94 s. 91 (11); 1977 c. 29, 418; 1979 c. 111; 1981 c. 20; 1983 a. 27; 1985 a. 29, 260; 1987 a. 237, 366, 394; 1989 a. 31, 291; 1991 a. 39; 1993 a. 16, 167, 213, 399, 407, 460, 482, 491; 1995 a. 201, 225, 349; 1997 a. 27, 88, 191; 1999 a. 9; 2001 a. 16, 109; 2005 a. 60, 264, 344, 414; 2007 a. 20, 27, 97, 130; 2009 a. 28, 180; 2011 a. 29; 2013 a. 173, 214; 2015 a. 55; 2015 a. 83.
NOTE: 1993 Wis. Act 407, which creates subs. (2) (e) and (4) (f) and amends subs. (1), (3) and (4), contains extensive explanatory notes.
Cross−reference: See also ch. LES 1, Wis. adm. code.
A rule adopted under this section properly barred a nonpardoned felon from holding a police job. Law Enforcement Standards Board v. Lyndon Station, 101 Wis. 2d 472, 305 N.W.2d 89 (1981).

2015−16 Wisconsin Statutes updated through 2017 Wis. Act 142 and all Supreme Court and Controlled Substances Board Orders effective on or before March 21, 2018. Published and certified under s. 35.18. Changes effective after March 21, 2018 are designated by NOTES. (Published 3−21−18)

4 of 5

Case: 3:17-cv-00191-jdp   Document #: 72-13   Filed: 04/11/18   Page 6 of 6

Updated 2015−16 Wis. Stats. Published and certified under s. 35.18. March 21, 2018.

**165.85    DEPARTMENT OF JUSTICE**                                             Updated 15−16 Wis. Stats.    24

Sub. (4) (b) governs the terms of employment of a probationary sheriff's deputy so that the discipline procedures under s. 59.21 (8) (b) [now s. 59.29 (8) (b)] do not apply and an applicable collective bargaining agreement controls. Hussey v. Outagamie County, 201 Wis. 2d 14, 548 N.W.2d 848 (Ct. App. 1996), 95−2948.

A police officer promoted to sergeant, subject to a one−year period of probation, could not be demoted without a just cause hearing under s. 62.13 (5) (em). An original appointment is on a probationary basis under sub. (4) (b). Once that period has passed, no promotion can be taken away without a hearing under s. 62.13 (5) (em). Antisdel v. City of Oak Creek Police and Fire Commission, 2000 WI 35, 234 Wis. 2d 154, 609 N.W.2d 464, 97−3818.

Sub. (4) (b) 2. does not preclude temporary assignment of uncertified persons to fill in as jail officers when necessary as a result of sickness, vacations, or scheduling conflicts. 78 Atty. Gen. 146.

Chief of police was entitled to hearing meeting due process requirements prior to discharge from office. Jessen v. Village of Lyndon Station, 519 F. Supp. 1183 (1981).

A probationary police officer had no protected property interest in his job. Ratliff v. City of Milwaukee, 608 F. Supp. 1109 (1985).

**165.86   Law enforcement training.** The department shall:

(1) (a) Supply the staffing needs of the law enforcement standards board.

(b) Identify state agencies and political subdivisions that employ law enforcement officers in the state, notify the appropriate officials of the standards of employment and preparatory and recertification training established by the board, and develop appropriate procedures whereby acceptable evidence of compliance with the board's employment and preparatory and recertification training standards may be submitted.

(c) Identify state agencies and political subdivisions that employ law enforcement officers in the state and notify the appropriate officials of the model law enforcement pursuit standards established by the board under s. 165.85 (4) (d).

(2) (a) Identify and coordinate all preparatory and recertification training activities in law enforcement in the state, and expand the coordinated program to the extent necessary to supply the training required for all recruits in the state under the preparatory training standards and time limits set by the board and for law enforcement officers, jail officers and juvenile detention officers in this state.

(b) Organize a program of training, which shall encourage utilization of existing facilities and programs through cooperation with federal, state, and local agencies and institutions presently active in this field. Priority shall be given to the establishment of the statewide preparatory and recertification training programs described in sub. (1), but the department shall cooperate in the creation and operation of other advanced and special courses, including courses relating to emergency detention of persons under s. 51.15 and emergency protective placement under s. 55.135, that meet the curriculum standards recommended by the board. The department may satisfy the requirement for cooperating in the development of special courses relating to emergency detention and emergency protective placement by cooperating with county departments of community programs in the development of these courses under s. 51.42 (3) (ar) 4. d. The department shall keep appropriate records of all such training courses given in the state and the results thereof in terms of persons attending, agencies represented, and, where applicable, individual grades given.

History: 1985 a. 29; 1987 a. 366; 1989 a. 31; 1993 a. 460; 1997 a. 88; 2005 a. 264; 2007 a. 97; 2013 a. 214.

**165.89   Grants to certain counties for law enforcement programs.** (1) From the appropriation under s. 20.455 (2) (kq), the department shall provide grants to counties to fund county law enforcement services. The department may make a grant to a county under this section only if all of the following apply:

(a) The county borders one or more federally recognized Indian reservations.

(b) The county has not established a cooperative county−tribal law enforcement program under s. 165.90 with each federally recognized Indian tribe or band that has a reservation bordering the county.

(c) The county demonstrates a need for the law enforcement services to be funded with the grant.

(d) The county submits an application for a grant and a proposed plan that shows how the county will use the grant moneys to fund law enforcement services.

(2) The department shall review an application and plan submitted under sub. (1) (d) to determine if the application and plan meet the requirements of sub. (1) (a) to (c) and the criteria established under sub. (3). The department may not award an annual grant in excess of $50,000 to any county under this section.

(3) The department shall develop criteria and procedures for use in administering this section. Notwithstanding s. 227.10 (1), the criteria and procedures need not be promulgated as rules under ch. 227.

(4) Notwithstanding subs. (1) and (2) and any criteria and procedures developed under sub. (3), the department shall allocate $300,000 to Forest County each fiscal year from the appropriation account under s. 20.455 (2) (kq) to fund law enforcement services.

History: 2005 a. 25 ss. 88b, 2086s; Stats. 2005 s. 165.89.

**165.90   County−tribal law enforcement programs. (1)** Any county that has one or more federally recognized Indian reservations within or partially within its boundaries may enter into an agreement in accordance with s. 59.54 (12) with an Indian tribe located in the county to establish a cooperative county−tribal law enforcement program. To be eligible to receive aid under this section, a county and tribe shall develop and annually submit a joint program plan, by December 1 of the year prior to the year for which funding is sought, to the department of justice for approval. If funding is sought for the 2nd or any subsequent year of the program, the county and tribe shall submit the report required under sub. (4) (b) together with the plan.

(2) The joint program plan shall identify all of the following:

(a) A description of the proposed cooperative county−tribal law enforcement program for which funding is sought, including information on the population and geographic area or areas to be served by the program.

(b) The program's need for funding under this section and the amount of funding requested.

(c) The governmental unit that shall receive and administer aid and the method by which aid shall be disbursed. The joint program plan shall specify that either the tribe or the county shall receive and administer the full amount of the aid or that the tribe and the county each shall receive and administer specified portions of the aid.

(d) The types of law enforcement services to be performed on the reservation and the persons who shall perform those services.

(e) The person who shall exercise daily supervision and control over law enforcement officers participating in the program.

(f) The method by which county and tribal input into program planning and implementation shall be assured.

(g) The program's policies regarding deputization, training and insurance of law enforcement officers.

(h) The record−keeping procedures and types of data to be collected by the program.

(i) Any other information required by the department or deemed relevant by the county and tribe submitting the plan.

(3) Upon request, the department shall provide technical assistance to a county and tribe in formulating a joint program plan.

(3m) In determining whether to approve a program plan and, if approved, how much aid the program shall receive, the department shall consider the following factors:

(a) The population of the reservation area to be served by the program.

(b) The complexity of the law enforcement problems that the program proposes to address.

(c) The range of services that the program proposes to provide.

(4) If the department approves a plan, the department shall certify the program as eligible to receive aid under s. 20.455 (2)

*2015−16 Wisconsin Statutes updated through 2017 Wis. Act 142 and all Supreme Court and Controlled Substances Board Orders effective on or before March 21, 2018. Published and certified under s. 35.18. Changes effective after March 21, 2018 are designated by NOTES. (Published 3−21−18)*

5 of 5