UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lewis Edward Byrd, III,<br><br>Plaintiff,<br><br>v.<br><br>Brandon Arenz,<br><br>Defendant. | Civil Action No: 17-CV-191-JDP<br><br>**DEFENDANT'S RENEWED REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Plaintiff has failed to present evidence that creates an issue of material fact for trial. Rather, Plaintiff makes a number of unsubstantiated assertions and supports them by attaching excerpts of police files that substantiate Defendant's statement of facts. More generally, Plaintiff's unsupported assertions would vitiate the factual basis for his guilty plea, and therefore Plaintiff under applicable law, this Court should grant Defendant summary judgment because Plaintiff has not prevailed in a challenge to his conviction.

## ARGUMENT AND ANALYSIS

I.  **BYRD CANNOT CHALLENGE THE FACTUAL BASIS FOR HIS GUILTY PLEAS, WHICH SUPPORT THE USE OF DEADLY FORCE IN APPREHENDING HIM.**

Mr. Byrd is attempting to negate the factual basis for his two guilty pleas, which he cannot do without first proving that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal

court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994); *accord Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) (noting that plaintiff could not negate factual basis guilty plea per *Heck* in a Section 1983 case alleging excessive use of force). Although Mr. Byrd asserts (without evidence) that he is appealing his conviction, he does not claim that his conviction has been overturned. Given his present incarceration in Wisconsin, his conviction appears to remain in effect. Doc. 36, ¶ 1 (Aff. Byrd).

Mr. Byrd minimizes the admissions he made in order to plead guilty to two felony convictions by arguing that he was merely "pulled off to the side of the road." Doc. 69, at 4. However, in entering his guilty plea, Mr. Byrd admitted that "[he] did knowingly flee or attempt to elude the officer." Doc. 26-2, at 7:1–4. Mr. Byrd omits that he admitted to doing so in a manner that "knowingly endangered the officer." *Id.*, at 7:9–12. He further admitted, as the basis for the two felony convictions, that "there was one act of fleeing and then there was a second act of fleeing shortly thereafter," *id.* at 7:13–18, which the prosecutor had explained to the state court occurred when "[a]t one point Mr. Byrd slowed down and came to a stop and then took off again," *id.* at 6:14–23. Moreover, Mr. Byrd admitted, with respect to his reckless driving claim that he "cause[d] bodily harm to another person" through his "operation of the vehicle in a reckless manner." *Id.* at 7:9–8:9. Finally, before accepting his guilty plea, the state court also specifically asked Mr. Byrd whether he admitted to the accuracy of the facts recited in the criminal complaint, and

Mr. Byrd admitted that the criminal complaint was accurate. Doc 26-2. at 14:14–22 and 15:1-12.

The factual admissions Mr. Byrd made amount to an admission that he was engaged in a dangerous, high-speed chase. The Fourth Amendment authorized Officer Arenz to use deadly force to end the chase. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2021 (2014); *Scott v. Harris*, 550 U.S. 372, 386, 127 S. Ct. 1769, 1779 (2007)); *Marion v. City of Corydon, Indiana*, 559 F.3d 700, 705 (7th Cir. 2009). Mr. Byrd does not dispute that the cited authorities permit the use of force under the factual circumstances outlined in the criminal complaint—to which he admitted. Rather, he relies on a Seventh Circuit case from 1988 and a Seventh Circuit case from 1993. Doc. 69, at 4–5. This is insufficient to avoid summary judgment in light of *Heck* and *Tolliver*. Accordingly, for the reasons outlined in Defendant's opening brief, Defendant is entitled to summary judgment.

## II.   WHETHER AN OFFICER IS ENTITLED TO QUALIFIED IMMUNITY.

In responding to Defendant's alternative request for a holding that Officer Arenz is entitled to qualified immunity, Mr. Byrd's alleges that Officer Arenz was no qualified to use his firearm at the time of the arrest based. Mr. Byrd's argument is factually incorrect. Officer Arenz completed his statutory hand-gun recertification on June 9, 2016, and again on June 14, 2017, and was qualified to use the service weapon for the Fiscal Year of July 1, 2016 to June 30, 2017, including the date of this incident on August 13, 2016. (Aff. Arenz, ¶ 2 & Ex.1.) This certification was maintained by a municipality other than City of Hillsboro, which is the reason it was

not produced to Mr. Byrd with Officer Arenz's City of Hillsboro service records. (Aff. Arenz, ¶ 3.)

Accordingly, Officer Arenz is entitled to summary judgment on the basis of qualified immunity.

### III.   MR. BYRD MISCONSTRUES DEFENDANT'S OBLIGATIONS AS TO DOCUMENT PRODUCTION.

Federal Rule of Civil Procedure 34 only requires a party to produce documents in that party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Rule 34 does not obligate a responding party to procure evidence for another party that is does not possess. Mr. Byrd expounds on evidence that he did not receive because it was not in Defendant's possession, custody, or control.

Some of this evidence, such as video footage of the moment when shots were fired, simply does not exist and cannot be produced. However, that does not mean that *other* evidence cannot be introduced to show the facts such evidence would prove if it existed—for example, the transcript of Mr. Byrd's comprehensive guilty plea.

Other evidence in simply not in Defendant's possession. Defendant has no obligation to request and obtain such evidence on Plaintiff's behalf. It was incumbent on Mr. Byrd to seek any relevant evidence from the parties that he believes possess it.  The Court has repeatedly and specifically cautioned Mr. Byrd on the need to make use of the discovery tools available in the Federal Rules of Civil Procedure, and has afforded Mr. Byrd additional time to develop the evidence

4

for his claim. That additional time for discovery has expired, and additional discovery cannot change Mr. Byrd's sworn admissions and guilty pleas from this same incident. The case is ripe for resolution through summary judgment.

## CONCLUSION

The Fourth Amendment permitted Officer Arenz to use of deadly force to put a stop to the dangerous high-speed chase Plaintiff admitted in his felony guilty pleas. Even if it did not, Officer Arenz is entitled to qualified immunity because he was a peace officer at the time of Plaintiff's arrest. (And the existing precedent authorized the use of deadly force.) Accordingly, the Court should grant the motion for summary judgment.  Respectfully,

Dated: April 19, 2018

Lind, Jensen, Sullivan & Peterson
A Professional Association

s/Jason R. Prochnow
Jason R. Prochnow #1034213
Attorneys for Defendant
1300 AT&T Tower
901 Marquette Avenue South
Minneapolis, Minnesota 55402
(612) 333-3637
jason.prochnow@lindjensen.com