UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

Lewis Edward Byrd, III,

     Plaintiff,

v.

Brandon Arenz,

     Defendant.

Civil Action No: 17-CV-191-JDP

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF FACT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

     The above-entitled action came on for a hearing before the Honorable James D. Peterson, District Judge, on Defendant Brandon Arenz's motion for summary judgment. Appearances are as noted in the minutes of the hearing.

     Based on the arguments at the hearing, the briefs, affidavits and exhibits, and all of the files and records herein, the Court now makes the following:

### PROPOSED FINDINGS OF FACT

1.    On August 13, 2016, Mr. Byrd was driving in Wisconsin after absconding from his intensive supervised release from Minnesota related to a 2011 conviction for First Degree Criminal Sexual Conduct. (*See* Aff. Prochnow, Ex. 4, at 7 (sentencing hr'g tr.), Ex. 5 (Minn. Dist. Ct. 27-CR-08-4117 (register of actions), Ex. 6 (Minn. Dep't Corrections Offender Locator).)

     **Response:** Undisputed.

2.     When Juneau County, Wisconsin law enforcement came into contact with Mr. Byrd, he commenced a high-speed chase. (Aff. Prochnow, Ex. 1, at 3 (criminal compl.).)

> **Response:** Disputed. Defendant fails to provide any supporting evidence of the speed Mr. Byrd was traveling. Mr. Byrd denies traveling at any high rate of speed at plea/sentencing hearing. *See* exhibit 1 pg 2 sentences 20–23; Defendant fails to produce any evidence even upon Mr. Byrd's discovery request for radar of Mr. Byrd's speed.

>> **Reply:** Plaintiff's response fails to create a material fact dispute. Plaintiff relies on a representation of an attorney at his sentencing hearing, after he had already pled guilty to the charges against him. (*See* Byrd Ex. 1, at 2:20–23.) At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 2. In addition, Officer Kruger's affidavit attests to the fact that he was involved in a "high-speed chase that Plaintiff Lewis Edward Byrd, III initiated." (Aff. Kruger, Oct. 31, 2017, ¶ 2.)

3.     At 7:03 p.m., Vernon County Deputy Sherriff William Zirk was dispatched to assist while Mr. Byrd was proceeding from Elroy, Wisconsin to Union Center, Wisconsin on Highway 80. (*Id.*)

**Response:** Disputed. Mr. Byrd's girlfriend was driving a similar car to Mr. Byrd's, same color, tinted windows. Reports state that she was in a highspeed chase in union center wisconsin and was arrested for those charges. The vehicle she was driving was registed [sic] to Mr. Byrd. *See* exhibit 2 para 1. Defendant failed to produce arrest records of Sagwant Butcher Mr. Byrd's girlfriend. Mr. Byrd did request this information in discovery.

> **Reply:** Plaintiff's response fails to create a material fact dispute. Ms. Butcher and Mr. Byrd's criminal conduct occurred concurrently. (*See* Byrd Ex. 4, at p. 1, ¶ 4 (noting that police were searching for two vehicles); Byrd Ex.7, ¶ 1 (same).) At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 3. The proposed finding of fact is further supported by Officer Zirk's Police report. (Byrd Ex. 8, p.2, ¶ 6.)

4.    At that time, Officer Todd Kruger of the Elroy Police Department, was pursuing Mr. Byrd in a squad car with its emergency lights activated. (*Id.* at 3, 4.)

**Response:** Disputed. Officer Kruger was following behind Mr. Byrd at a distance and did not have his lights activated. *See* exhibit 3 pg. 1. Para. 2, 3, 4.

**Reply:** Plaintiff's response fails to create a material fact dispute. Specifically, the last sentence of the passage Plaintiff cites is: "I activated my overhead lights" and describes the events that followed in a manner consistent with the proposed findings of fact. (*See* Byrd Ex. 3, p.1.) Plaintiff ignores this evidence. Moreover, at his plea hearing Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 4.

5.    Mr. Byrd pulled over to the southbound lane at approximately 2.5 miles per hour. (*Id.*)

**Response:** Disputed. Defendant failed to produce any radar of Mr. Byrd's speed. When officers activated their emergency lights Mr. Byrd pulled over and stopped his vehicle. At that time officers attempted to ram Mr. Byrd's vehicle.

**Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, with the exception of Mr. Byrd's unsupported characterization of the attempt to block his escape as "ramming," Mr. Byrd's account is consistent with the account of the officers. Third, "radar" is not the only method by which the speed of Mr. Byrd's vehicle may be proven. At his plea hearing Mr. Byrd attested to the accuracy of the allegations

4

in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 5.

6.    Deputy Zirk pulled forward towards the southbound shoulder, attempting to force Mr. Byrd further off the shoulder, but Mr. Byrd swerved as if to ram the deputy's vehicle and then sped away towards Union Center. (*Id.*)

**Response:** Disputed. Deputy Zirk pulled forward towards Mr. Byrds stopped vehicle attempting to ram Mr. Byrd and force Mr. Byrd's vehicle to drive off the shoulder and into a ditch as Mr. Byrd AVOIDED being rammed by Deputy Zirk. Defendant fails to produce any dashcam video from this officers squad car. Mr. Byrd did ask for such production in his request for discovery. Was told by defendant there is none. *See* Ex. 4 paragraph 4.

**Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, with the exception of Mr. Byrd's unsupported characterization of the attempt to block his escape as "ramming," Mr. Byrd's account is consistent with the account of the officers. Third, a dashcam video is not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 6.

7.     Mr. Byrd then led the high-speed chase through the Village of Union Center at speeds in excess of 80 to 90 miles per hour. (*Id.*)

**Response:** Disputed. Defendant fails to produce any radar of Mr. Byrd's speed of dashcam video in support of these claims. Mr. Byrd's girlfriend, the driver of another vehicle registered to Mr. Byrd was the one identified and arrested for the highspeed chase in union center. Not Mr. Byrd. In addion [sic] to speed radar and dashcam video. Mr. Byrd also request in discovery the reports of Sagwant Butcher's arresst [sic] and none of these were made available in discovery by defendant. *See* exhibit 2. Paragraph 2 and 3.

**Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, Ms. Butcher and Mr. Byrd's criminal conduct occurred concurrently. (*See* Byrd Ex. 4, at p. 1, ¶ 4 (noting that police were searching for two vehicles); Byrd Ex.7, ¶ 1 (same).) Third, in his report, Officer Zirk identifies the vehicle he interacted with by its license-plate number. Byrd Ex. 8, at p.2, ¶ 2. The license plate Officer Zirk identifies is the same as the license plate that was involved in the shooting that is the subject of this Complaint. *Cf.* Byrd Ex. 3, at p. 3 (vehicle search warrant); Byrd Ex. 9, at 6 (excerpt of warrant application). Fourth, a "radar" or a dashcam video is not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when

entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 7.

8.     Mr. Byrd made a right-hand turn at the intersection of Highway 80 and Highway 33, and proceeding down Highway 33 towards Hillsboro in the wrong lane of travel. (*Id.*)

> **Response:** Disputed. Mr. Byrd was in the correct lane of travel. Defendant has no dashcam video, or witness statements to support their claims. Mr. Byrd did request dashcam video and witness statements in discovery, of Deputy Zirk's squad, and from the couple who's vehicle Deputy Zirk collided with.

>> **Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, a witness statement or dashcam video is not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 8.

9.     An elderly couple that was traveling on Highway 33 towards the Highway 80 intersection was forced to swerve into the left lane to avoid a head-on collision with Mr. Byrd. (*Id.*)

**Response:** Disputed. The elderly couple and Mr. Byrd where [sic] in each others correct lane of traffic. Mr. Byrd asked for dashcam video from Deputy Zirk's squad in his discovery request and none were available nor were there any statements from the couple or accident reports as request by Mr. Byrd in his discovery request.

> **Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, a witness statement or dashcam video is not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 9.

10.   Deputy Zirk swerved to avoid the elderly couple's vehicle, but was unable to completely avoid it and sideswiped their vehicle. (*Id.*)

> **Response:** Disputed. Defendant was unable to supply any dashcam video or statements from the couple, there is no evidence in support of defendants claims, on how the incident took place. *See* exhibit 4 paragraph 4.

> **Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, a witness statement or dashcam video is not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing,

Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 9.

11.   Deputy Zirk abandoned the chase to see to the vehicle that he struck. (*Id.*)

**Response:** Disputed. Defendant offers no video, accident reports, or witness statements from the couple. Mr. Byrd. Did request those in his request for discovery.

> **Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, an accident report, witness statement, or dashcam video is not the only method by which this fact may be proven. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 9.

12.   Officer Kruger continued the pursuit down Highway 33 towards Hillsboro. (*Id.* at 3.)

**Response:** Undisputed.

13.   That evening, there was a tractor pull taking place at the Hillsboro Firemen's Memorial Park. (*Id.*, at 2; Aff. Prochnow, Ex. 3 (map).)

**Response:** Undisputed.

9

14.     Defendant Officer Brandon Arenz was assisting Vernon County with crowd control at the tractor pull when the dispatcher advised him of Mr. Byrd's progress. (Aff. Prochnow, Ex. 1, at 2.)

**Response:** Undisputed.

15.     Officer Arenz retrieved a squad car and proceeded to the south side of Highway 33, across from the entrance to Hillsboro Equipment, Inc.—less than three miles from Hillsboro proper. (*Id.* at 2–3; Aff. Prochnow, Ex. 3.)

**Response:** Disputed. The Hillsboro Fireman's Memorial Park is more than three miles, it is like 4–5 miles away. *See* Exhibit 5.

**Reply:** Plaintiff's response fails to create a material fact dispute. Plaintiff's Exhibit 5 states that the distance between the Hillsboro Firemen's Memorial Park and Hillsboro Equipment, Inc. is 3.1 miles, and that the park is located *within* the limits of Hillsboro. Therefore, a driver travelling between Hillsboro Equipment, Inc. and the park would enter "Hillsboro proper" *before* reaching the park. The characterization of that distance as "less than three miles" is thus accurate.

16.     Officer Arenz exited his squad car to set spike strips on the road, when he observed Mr. Byrd's vehicle approaching on the westbound lane of travel. (Aff. Prochnow, Ex. 1, at 3.)

**Response:** There is no video from dashcam to support Defendant's claims of these events.

**Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, a dashcam video is not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 9.

17.    A civilian vehicle pulled out into Highway 33 from the turn off to Hillsboro Equipment and Mr. Byrd stopped his vehicle. (*Id.*)

**Response:** Disputed. A civilian drove around Mr. Byrd's vehicle on highway 33 passing Mr. Byrd's drivers side, putting the civilian in the oncoming traffic lane in a passing zone. The civilian was now in front of Mr. Byrd's slow traveling vehicle. The civilian pulled over on the westbound shoulder because he was suddenly confronted with Officer Arenz. Mr. Byrd then pulled over behind the civilian vehicle and Mr. Byrd stopped his vehicle. Mr. Byrd asked Defendant in discovery request for witness statements from the civilian driving this vehicle Mr. Schumer and no statements were available. *See* exhibit 4 pg. 1 top of page title heading witness.

**Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, the proposed finding is consistent with Plaintiff's Exhibit 4, pp.1–2, which states that the vehicle driven by Mr. Schumer "pulled out of

Hillsboro Equipment," "came to a stop near Officer Arenz," and that Plaintiff's vehicle "stopped behind Schumer's vehicle, was put in reverse and accelerated backwards, and struck Kruger's squad which was coming to a stop." Second, a witness statement is not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact No. 9.

18.   Mr. Byrd put his vehicle into reverse and backed into the squad car driven by Officer Kruger, who was still in pursuit, and inflicted severe damage to the squad car. (*Id.*; *see also* Aff. Kruger, Ex. 1.)

**Response:** Disputed. Officer Kruger was coming around a downhill left corner at a high rate of speed, came upon Mr. Byrd's vehicle along with the civilian vehicle and officer Arenz's squad car pulled over and stopped. Officer Kruger was trying to come to a stop but it was too late. Officer Kruger rearended Mr. Byrd's 2013 Lexus GS350, causing serious damage to both vehicles. Defendant will not or cannot supply dashcam video, witness statement or the accident reenactment reports done by Investigator from the Wisconsin State Patrol Traffic Reconstruction unit and the 3-D scan of Officer Kruger's squad and Mr. Byrd's vehicle. *See* exhibit 4 page 2 paragraph 9, Exhibit 4 page 1 paragraph 4. States "Officer Kruger's squad

was not equipped with a squad camera and had no video, Deputy Zirk did have squad video, however it only shows the short part he was involved in." *See* exhibit 4 page 3 paragraph 5. States no video that is beneficial in providing evidence directly related to the shooting, Exhibit 7 page 1 paragraph 5 states "that there was a list of names of potential witnesses." Mr. Byrd asked for this list and any statement that may have been made by them in Mr. Byrd request for discovery was told none exist. Also see exhibit 6 paragraph 4. Mr. Byrd did ask for photos in his discovery request but was told by Defendant that no are available. But exhibit 4 page 3 paragraph 8 say's that there are.

> **Reply:** Plaintiff's response fails to create a material fact dispute. First, the record that Plaintiff relies on supports the proposed finding. Plaintiff's Exhibit 4, pp.1–2 states that the vehicle driven by Mr. Schumer "pulled out of Hillsboro Equipment," "came to a stop near Officer Arenz," and that Plaintiff's vehicle "stopped behind Schumer's vehicle, was put in reverse and accelerated backwards, and struck Kruger's squad which was coming to a stop." Second, a witness statement or a video are not the only method by which Mr. Byrd's driving conduct may be proven. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) The criminal complaint is the basis for proposed Finding of Fact

No. 9. In addition, Officer Kruger testified in his affidavit that his squad car sustained damage "when Byrd put his vehicle in reverse and collided with the squad car that I was driving." Aff. Kruger, Oct. 31, 2017, ¶ 3.

19.    The collision injured Officer Kruger, who was later transported by ambulance to a nearby hospital. (Aff. Prochnow, Ex. 1, at 3.)

**Response:** Disputed. Officer Kruger was transported to the hospital to get checked out. But he had no injuries. Mr. Byrd requested medical records for Officer Kruger, but was told by Defendant that none were available. Defendant does not show any evidence of injury to Officer Kruger.

**Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, the medical records of Officer Kruger, a nonparty, are not the only evidence that can be used to prove that Officer Kruger was injured. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) Mr. Byrd specifically admitted that his reckless driving caused bodily injury, meaning potentially deadly injury, as an essential element of his reckless driving conviction. (*See* Doc. 26-2, at 7:19–8:9.) The criminal complaint is the basis for proposed Finding of Fact No. 9.

20.     Mr. Byrd then steered his vehicle around the civilian vehicle, into the oncoming traffic lane, whereupon Officer Arenz stepped into the middle of the lane, drew his service weapon, and ordered Mr. Byrd to stop. (*Id.*)

> **Response:** Disputed. Mr. Byrd's vehicle was lunged forward from the impact of being rearended by Officer Kruger's vehicle, and was forced into the opposite lane of traffic. At that point Officer Arenz stepped in front of Mr. Byrd's vehicle drew his service weapon and began to fire several shots at Mr. Byrd. Defendant fails to produce any witness statement from civilian or dashcam video. This is when Mr. Byrd was shot *see exhibit 9 page 6 number 7.*

> > **Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his assertions. Second, witness statements and dashcam video are not the only evidence that can be used to prove Mr. Byrd's driving conduct. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) Mr. Byrd specifically admitted that during the police chase he came to a stop and then began driving again. (*See* Doc. 26-2, at 2:14–3:7). This event was the reason that Mr. Byrd was charged, pled guilty, and was convicted of two counts of attempting to flee or elude a police officer rather than a single count. *Id.* The criminal complaint is the basis for proposed Finding of Fact No. 9.

21.    Mr. Byrd accelerated his vehicle *at* Officer Arenz, who fired several shots at the Mr. Byrd's oncoming vehicle. (*Id.*)

> **Response:** Disputed. Mr. Byrd's vehicle was on the down slop [sic] of a hill when it was rearended by Officer Krugers squad and when it was pushed into the opposite lane of traffic where Officer Arenz stepped in front of Mr. Byrd's now moving vehicle from the impact of being rearended by Officer Kruger's squad. Mr. Byrd's vehicle coasted down the hill under its own power from the impact, as Mr. Byrd was being shot at several times by Officer Arenz. Officer Arenz was able to fire several shots into the front hood of Mr. Byrd's car as well as the headlights, the passenger side window pane, the rearend (rear window, trunk area, tail light) as Mr. Byrd vehicle was coasting down the hill past him. No video or witness statements provide to Mr. Byrd from Defendant upon Mr. Byrd's discovery request. *See* exhibit 4 page 2 paragraph 7.

> > **Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his factual assertions. Second, witness statements and dashcam video are not the only evidence that can be used to prove Mr. Byrd's driving conduct. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) Mr. Byrd specifically admitted that during the police chase he came to a stop and then began driving

16

again. (*See* Doc. 26-2, at 2:14–3:7). This event was the reason that Mr. Byrd was charged, pled guilty, and was convicted of two counts of attempting to flee or elude a police officer rather than a single count. *Id.* The criminal complaint is the basis for proposed Finding of Fact No. 9.

22.     Officer Arenz dodged Mr. Byrd's vehicle, and fired several shots as Mr. Byrd fled, attempting to stop the immediate threat. (*Id.*)

>    **Response:** Disputed. Defendant advises that the reason he fired so many shots and continued to firing as Mr. Byrds vehicle passed was that he was in fear for the safety of the people 4 miles away at the tractor pull that was being held at the Firemens Memorial Park, 4 miles away. There was no immediate threat to justify him shooting at Mr. Byrd as Mr. Byrd's vehicle was rolling down the hill. *See* exhibit 4 page 2 paragraph 2 second to last sentence.

>>    **Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff does not cite the record in support of his factual assertions. Second, witness statements and dashcam video are not the only evidence that can be used to prove Mr. Byrd's driving conduct. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) Mr. Byrd specifically admitted that during the police chase he came to a stop and then began driving

again. (*See* Doc. 26-2, at 2:14–3:7). This event was the reason that Mr. Byrd was charged, pled guilty, and was convicted of two counts of attempting to flee or elude a police officer rather than a single count. *Id.* The criminal complaint is the basis for proposed Finding of Fact No. 9.

23.     As he approached the intersection of Highway 33 and County Road WW, Mr. Byrd stopped his vehicle and continued to flee on foot over an embankment. (*Id.*)

**Response:** Disputed. Mr. Byrd's vehicle suffered severe damage from being rearended and was coasting down the hill when Mr. Byrd's vehicle reached the bottom of the hill it came to a rolling stop. At that point Mr. Byrd noticed he was shot in the left elbow where a bullet hit him and Mr. Byrd got out of his Immobile vehicle. *See* exhibit 3 page 2 paragraph 3 sentence 1, exhibit 9 page 5 last paragraph.

**Reply:** Plaintiff's response fails to create a material fact dispute. First, Plaintiff's record citations do not point to any discussions that support his factual assertions. Second, Plaintiff does not appear to be disputing the account in the proposed finding of fact.

24.     Officer Arenz pursued on foot, and when he crested the embankment, drew his service revolver and directed Mr. Byrd to stop. (*Id.*)

**Response:** Disputed. Officer Arenz drew a Glock 22 semi-automatic pistol on me. A Glock 22 is believed to fire 40 cal. Bullets. *See* exhibit 8 paragraph

3 second sentence. Officer Arenz was not qualified to use a handgun. Officer Arenz's last record of handgun qualification was on June 19, 2014. *See* exhibit 15. According to the Wisconsin Law Enforcement Standards Board stat 165.85 each officer shall complete a handgun qualifications course ANNUALLY for recertification training to show handgun proficiency and ability to operate and fire a handgun. *See* exhibit 14. Officer Arenz's handgun qualifications are expired and not valid at the time of the shooting of Mr. Byrd. Officer Arenz's handgun qualifications were expired 26 months prior to the shooting of Mr. Byrd over 2 yrs past the last handgun qualifications he had done on June 19, 2014. And he quit a month later.

**Reply:** Plaintiff's response fails to create a material fact dispute. This response does not dispute that Officer Arenz drew his service revolver and directed to Mr. Byrd to stop. Plaintiff's response confirms that Officer Arenz drew a service weapon on Mr. Byrd. Plaintiff's response to the next proposed finding of fact confirms that Officer Arenz directed him to stop. Officer Arenz completed his statutory recertification on June 9, 2016, and again on June 14, 2017, and was qualified to use the service weapon for the Fiscal year July 1, 2016 to June 30, 2017, including on August 13, 2016. (Aff. Arenz, ¶ 2 & Ex.1.) The certification was maintained by a municipality other than Hillsboro, which is the reason it was not produced to Mr. Byrd with Officer Arenz's Hillsboro service records. (Aff. Arenz, ¶ 3.)

25.    Mr. Byrd complied with the instruction, raising his hands and getting on his knees. (*Id.*)

**Response:** Undisputed.

26.    Officer Arenz handcuffed Mr. Byrd and then escorted him back up the hill and turned him over to a Juneau County deputy. (*Id.*)

**Response:** Disputed. When handcuffing Mr. Byrd Officer Arenz used so much force in twisting Mr. Byrd's RIGHT arm that officer Arenz caused a nonunion fracture to the radius head, Mr. Byrd also suffered from abraisions on the right side of his face. *See* exhibit 9 page 2, page 3 paragraph 3.

> **Reply:** Plaintiff's response fails to create a material fact dispute. Plaintiff does not dispute that Officer Arenz handcuffed him, but instead confirms this occurrence. Plaintiff does not dispute that Officer Arenz escorted Mr. Byrd up the hill and turned him over to other law enforcement officers. The record evidence that Plaintiff cites indicates that he was on the ground at the time he was handcuffed, which is consistent with undisputed Finding of Fact No. 25. However, Plaintiff does not cite to any record evidence or to any expert opinion suggesting a causal relationship between his elbow injury and this event.

27.    Mr. Byrd was then transported by ambulance to St. Joseph's Hospital in Hillsboro. (Aff. Prochnow, Ex. 7, at 1 (St. Joseph records).)

**Response:** Undisputed.

28.   An x-ray disclosed a radial head fracture on Mr. Byrd's right elbow. (*Id.* at 4.)

**Response:** Undisputed.

29.   This type of injury commonly occurs as a result of a fall with an outstretched arm. (Aff. Prochnow, Ex. 8, at 4 (St. Joseph discharge summary); *accord* Nick Pappas, M.D. & Joseph Bernstein, M.D., *Fractures in Brief: Radial Head Fractures*, 468 CLINICAL ORTHOPAEDICS & RELATED RESEARCH 914, 914 (2010) (Aff. Prochnow, Ex. 9).)

**Response:** Disputed. Mr. Byrd did not fall and nowhere in Officer Arenz's reports did he state that Mr. Byrd had fallen. Mr. Byrd had suffered multiple injuries one being a nonunion fracture of his right elbow which is different than a common radial head fracture. Mr. Byrd had reconstructive surgery do to this injury. *See* exhibit 10. Mr. Byrd also suffered a gunshot wound that was covered with a bandage on his left arm and abraisions on the right side of his face from Officer Arenz. *See* Exhibit 4 page 3 paragraph 2 sentence 2, exhibit 9 page 2 paragraph 1 and exhibit 9 page 6 number 7.

**Reply:** Plaintiff's response fails to create a material fact dispute. Plaintiff does not address the substance of this proposed finding, which is that a radial head fracture is commonly associated with a fall with an outstretched arm. The material cited by plaintiff does not contain any statement to support his proposition that a nonunion fracture is different than a radial head fracture. The material Mr. Byrd cites states: "Byrd stated he may have broken the arm when he fell. I

asked him when he had fallen and he advised he did not know." (Byrd Ex. 4, p. 3, at ¶ 2.)

30.    On April 5, 2017, Mr. Byrd pled guilty to two felony charges of attempting to flee or elude a traffic officer and one felony charge of reckless driving causing injury stemming from this chase. (Aff. Prochnow, Ex. 2, at 6–7 (plea hr'g tr.).)

**Response:** Disputed. Mr. Byrd pled guilty to two felony charges of attempting to flee or elude a traffic officer and one "MISDERMEANER" [sic] of reckless driving causing injury. Not a Felony. *See* exhibit 11.

**Reply:** Mr. Byrd is correct. His conviction for reckless driving causing injury was as a misdemeanor. However, the degree of this conviction is not material to the claim Mr. Byrd is asserting, and Mr. Byrd confirms he was convicted of two felony charges of attempting to flee or elude a traffic officer.

31.    At the plea hearing, Mr. Byrd admitted to the accuracy of the facts as recited in the criminal complaint. (*Id.* at 14.)

**Response:** Disputed. Mr. Byrd never admitted to any responsibility involved with Officer Kruger rearending Mr. Byrd's vehicle and Mr. Byrd denied ever driving at a high rate of speed. *See* exhibit 1 page 2 sentences 20–23. There were amendments to the original complaint *see* exhibit 13 sentences 1–3 clearing Mr. Byrd of any endangerment to Officer Kruger or anyone else. That is why Mr. Byrd

only pled guilty to the attempting to elude charges and the misdemeanor of reckless driving. *See* exhibit 11.

> **Reply:** Plaintiff's response fails to create a material fact dispute. Plaintiff has failed to produce or identify any amendments to the criminal complaint in the underlying criminal case. The only person injured by Plaintiff was Officer Kruger. (See Doc. 26-1, at 3 ("Officer Kruger was later transported by ambulance to Hillsboro St. Joseph's for his injuries.") The elderly couple in the other accident that Plaintiff provoked while eluding police were not injured. *Id.* at 4. At his plea hearing, Mr. Byrd attested to the accuracy of the allegations in the criminal complaint when entering the factual basis for his guilty plea. (*See* Doc. 26-2, at 10:18–22.) Mr. Byrd specifically admitted that his reckless driving caused bodily injury, meaning potentially deadly injury, as an essential element of his reckless driving conviction. (*See* Doc. 26-2, at 7:19–8:9.)

32.    Mr. Byrd was assisted by counsel at the hearing and had sufficient time to fully discuss the ramifications of his plea with his attorney. (*Id.*, at 13.)

> **Response:** Disputed. Mr. Byrd was represented by counsel, but did not feel he was sufficient in assisting Mr. Byrd. Mr. Byrd did file a complaint against his counsel to the Supreme Court of Wisconsin, Office of Lawyer Regulation

in Madison WI. Mr. Byrd also filed an appeal with the court of appeals. *See* exhibit 12.

> **Reply:** Plaintiff's response fails to create a material fact dispute. Plaintiff does not dispute the accuracy of his plea as reflected in the transcript of his plea hearing. Plaintiff's subsequent regrets with respect to the plea he entered are legally irrelevant. Plaintiff does not provide any record evidence showing that he did, in fact, file an appeal or that his appeal was successful. His citation is to a notice to Mr. Byrd indicating that an appellate public defender was assigned to review his case.

33.   The Circuit Court of Vernon County, Wisconsin held that Mr. Byrd provided a sufficient factual basis for the plea, and that Mr. Byrd had made his plea knowingly, intelligently, and voluntarily. (*Id.*, at 15.)

> **Response:** Disputed. Mr. Byrd denied driving at any high rate of speed. *See* exhibit 1 page 2 sentences 20–23. And Mr. Byrds lawyer answered the question about the plea being knowingly, intelligently and voluntarily. The question was not answered by Mr. Byrd or even addressed to Mr. Byrd. But to Mr. Byrd's lawyer. *See* Ex. 13.

> > **Reply:** Plaintiff's response fails to create a material fact dispute. As the transcript of the plea hearing shows, the Circuit Court thoroughly examined Plaintiff at the plea hearing in order to satisfy itself of that the plea was knowing, intelligent, and voluntary. (*See* Doc. 26-2, at

24

2–11.) Following its colloquy with Plaintiff, the Circuit Court expressly found that the plea was knowing, intelligent, and voluntary. *Id.*, at 11. Plaintiff's response does not address this holding.

34. Accordingly, the Circuit Court convicted him of the three charges. (*Id.*)

**Response:** Disputed. Mr. Byrd denies driving at any high rate of speed. *See* Ex. 1 pg 2 sentences 20–23.

**Reply:** Plaintiff's response does not create a material fact dispute. It does not address the fact asserted in the proposed finding of fact.

Dated:  April 19, 2018                   Lind, Jensen, Sullivan & Peterson
                                         A Professional Association


                                         s/Jason R. Prochnow_____
                                         Jason R. Prochnow #1034213
                                         Attorneys for Defendant
                                         1300 AT&T Tower
                                         901 Marquette Avenue South
                                         Minneapolis, Minnesota  55402
                                         (612) 333-3637
                                         jason.prochnow@lindjensen.com