UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lewis Edward Byrd, III, | Civil Action No: 17-CV-191-JDP |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Brandon Arenz, | |
| Defendant. | |

Plaintiff's latest motion to dismiss Defendant's pending motion for summary judgment is unsupported by the facts and should be denied as a matter of law. Plaintiff argues in his motion, dated April 23, 2018, that Plaintiff has been unfairly prejudiced in Plaintiff's efforts to oppose Defendant's pending motion for summary judgment due to alleged delays by Defendant to produce "all of Defendant's firearm qualifications," and complains that Defendant produced some of those records after Plaintiff filed his response to Defendant's pending motion for summary judgment. Plaintiff has no cause to complain because Defendant's firearm qualification records were produced within 30 days from the date Plaintiff first served a request demanding the firearm qualification records.

As per the undisputed court filings, Defendant filed its motion papers for summary judgment with the Court on November 3, 2017. Plaintiff initially opposed Defendant's motion, while also requesting the Court for (1) additional time to complete fact discovery to try and oppose Defendant's motion; and (2) for

extended deadlines allowing more time for Plaintiff's opposition papers to Defendant's pending summary judgment motion. Per this Court's Order dated January 29, 2018, the Court granted Plaintiff additional time to complete fact discovery and set a new hard deadline of March 15, 2018 for the filing of Plaintiff's complete opposition papers to Defendant's motion. On March 6, 2018, the Court further extended the deadline for Plaintiff's complete opposition papers up until April 9, 2018.

Despite Plaintiff's having filed a motion to compel discovery dated March 19, 2018 (Prochnow Affidavit, Exhibit A), Plaintiff had never even served a request seeking Defendant Brandon Arenz's firearm qualification records until March 19, 2018 (Prochnow Affidavit, Exhibit B, paragraph 3). Thus, Defendant had 30 days after March 19, 2018 to produce its responses to Plaintiff's request for discovery dated March 19, 2018. And as previously cautioned by the Court, if Plaintiff had wanted those records sooner, then Plaintiff should have demanded those records earlier than Plaintiff's March 19, 2018 request.

## CONCLUSION

Based on all of the above, the Court should respectfully deny Plaintiff's latest April 23, 2018 motion to dismiss Defendant's pending motion for summary judgment.

Respectfully submitted.

Dated: May 4, 2013

Lind, Jensen, Sullivan & Peterson
A Professional Association

s/Jason R. Prochnow
Jason R. Prochnow #1034213
Attorneys for Defendant
1300 AT&T Tower
901 Marquette Avenue South
Minneapolis, Minnesota 55402
(612) 333-3637
jason.prochnow@lindjensen.com