Lewis Byrd,
    Plaintiff.

**DOC NO**
REC'D/FILED

CASE NO. 17-CV-191-JDP

2018 MAY 18  AM 10: 53

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

V.

Brandon Arenz,
    Defendent.

Plaintiffs Response to Defendents
Response to Plaintiffs motion to
Dismiss Defendents motion for
Summary Judgment.


MR. Byrds motion to Dismiss Defendents motion For Summary
Judgment should be Granted. Defendent was aware of mr. Byrds
deadline of April 9th 2018 to respond to Defendents motion For
Summary Judgment and that the court was not going to grant
MR. Byrd any more time after that to respond. Plaintiff asked
Defendent for their Service records on seperate occasions. Defendent
made it very clear to mr. Byrd and the court that ALL of the
Defendents records were presented. MR. Byrd had a deadline set
by the court to respond to Defendents motion for Summary Judgment
set for April 9th 2018. MR. Byrd met that deadline. Only after
MR. Byrd had filed his response did the defendent 10 day later
present new evidence oppossing mr. Byrds response brief. In
Defendents response to Plaintiffs motion to compel Discovery.
Defendent states that they have already Fully responded to
Plaintiffs motion/demands for discovery. (See Exhibit 1 page 1
number 1), and (Exhibit 2 page 2 numbers 6 and 10) and (Exhibit 3
number 6.) MR. Byrd did ask for these items in his motion
for Discovery and recieved Defendents Handgun qualifications dated
6.9.14 as part of MR. Byrds request for Service records. No other
Handgun or Firearm records were given, (see Exhibit 6.). Plaintiff then

moved for a motion to compel. Defendents responses were that there were NO additional items to produce and that Defendent has fully responded to plaintiffs request for discovery.

Based on Defendents motion to dismiss Plaintiffs motion to compel Discovery being granted on the grounds that Defendent Fully produced discovery. MR. Byrd filed his motion in response For Summary Judgment on April 9th 2018 to meet the deadline set for him by the court. Now 10 days after MR. Byrds filing does the Defendent Now want to bring forth the evidence MR. Byrd has requested before that the Defendent said didn't exsist and already made a Full disclosure of discovery.

further more Defendent claims that MR. Byrd never requested Defendents firearms certifications, MR. Byrd did ask for service records of all responding officers in Plaintiffs motion For discovery dated Feb. 5, 2018 (see exhibit 4 page 2 number 4.). Defendent responded to this request with Defendents police traing and educational certificates, including Defendendents firearms qualifications dated 6·19·14, MR. Byrd was told that no other service records exsist and that Defendent has fully responded to Plaintiffs request for discovery. Now after MR. Byrd has made his response does Defendent produce new service records. Service records that MR. Byrd had requested on Feb. 5, 2018. This Information should of been produced when MR. Byrd requested it. In Defendents Response to Plaintiffs propose findings of facts Defendent admits that the reason the New handgun certificati was not produced to MR. Byrd with the rest of Defendents service records was because it was maintained by a dif munixapality. (See Exhibit 5 page 1 number 2 and Exh

Page 2 number 3.) Not because as Defendent claims MR. Byrd never requested it. In Defendents unsigned Affidavit Dated April 19, 2018, Defendent again acknowledges MR. Byrds request for service records and Defendent admits the reason these new service records were not produced at the time of Plaintiffs request was because they were maintained by a municipality other than the city of Hillsboro. Not because MR. Byrd never requested them. (See exhibit 7). This discovery was in the Defendents full control to produce and they did not. Defendent had more than enough time to produce the service records that Plaintiff requested on Feb. 5, 2018. Defendent even argued with the Plaintiff and the court that no other service records exsisted and that full discovery was made.

Based on the above MR. Byrd Humbly and Respectfully ask the court to Dismiss Defendents motion for Summary Judgment. It is clear that the plaintiff has been unfairly predjudiced in his efforts to oppose Defendents motion for Summary Judgment. MR. Byrd Filed his response to summary judgment then Defendents produces a document that may or may not even be authentic that they said never exsisted in the first place. MR. Byrd Further more ask the Defendents Summary Judgment be Dismissed with predjudice.

Dated: 5/12/18

Signed: Lewis E Byrd